IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Georgia Arendt, Individually and as
Special Administrator of the Estate of
Anthony Arendt, Deceased,

      Plaintiff,

v.                                  Case No. 1:13-cv-727-WCG

Owens-Illinois, Inc.,

      Defendant.

## OWENS-ILLINOIS, INC.'S
## MEMORANDUM IN SUPPPORT OF ITS
## MOTION TO AMEND THE SCHEDULING ORDER

Owens-Illinois, Inc. ("Owens-Illinois") submits this memorandum in support of its Motion to Amend the Scheduling Order (ECF No. 44).

## INTRODUCTION

This is the *third* asbestos lawsuit for the same cause of action. Before last month, however, plaintiff and her counsel had concealed their first lawsuit from Owens-Illinois and the MDL 875 Court, and repeatedly represented that a different set of facts existed. In that concealed lawsuit, plaintiff and her counsel admitted that Anthony Arendt's non-malignant lung condition was diagnosed in May 2006 and voluntarily dismissed the action with prejudice in a final order to avoid costs and sanctions. Because those newly discovered facts will have a material and likely dispositive effect on this lawsuit,

Owens-Illinois requests that the Court exercise its broad discretion to enter an amended scheduling order pursuant to Federal Rules of Civil Procedure 1, 16, and 37.

## BACKGROUND

Plaintiff Georgia Arendt claims that her late husband, Anthony Arendt, was exposed to asbestos at Green Bay Paper from 1953 to 1992, and seeks damages on behalf of the Estate for his non-malignant lung condition (called "asbestosis") and wrongful death.[1] Through the same attorneys (Cascino Vaughan Law Offices, Ltd. or "CVLO"), the Arendts have filed three lawsuits for the same course of conduct:

- *Anthony Arendt v. The Boldt Company et al.*, No. 09-cv-2124 (Wis. Cir. Ct. Brown Cty. filed Aug. 3, 2009) ("*Arendt I*")[2]

- *Anthony Arendt v. AW Chesterton Company et al.*, No. 1:09-cv-00757-WCG (E.D. Wis. filed Aug. 5, 2009) ("*Arendt II*")

- *Georgia Arendt, individually and as Special Administrator of the Estate of Anthony Arendt, deceased, v. AW Chesterton Company et al.*, No. 1:13-cv-00727-WCG (E.D. Wis. filed June 26, 2013) ("*Arendt III*")

Given the history of their three lawsuits is complex and largely based on misstatements, the best starting point is the *Arendt I* lawsuit.

## I. The *Arendt I* Lawsuit

On August 3, 2009, Mr. Arendt and CVLO filed the *Arendt I* lawsuit in the Circuit

---

[1] Pl.'s Compl. ¶¶ 1, 25-28, ECF No. 1.

[2] As discussed at the status hearing, Owens-Illinois's counsel only recently learned of the *Arendt I* lawsuit, which plaintiff and her counsel did not disclose and represented did not exist. Owens-Illinois's counsel searched CCAP after a similar violation by CVLO in *Suoja v. Owens-Illinois, Inc.*, No. 3:99-cv-475-BBC (W.D. Wis. filed Aug. 5, 1999), which is now fully briefed and pending before Magistrate Judge Stephen Crocker.

Court of Brown County, Wisconsin, against seven defendants and *not* Owens-Illinois.[3] The Complaint alleged a course of conduct that Mr. Arendt was exposed to asbestos in Brown County since 1956, and sought compensatory and general damages for his unspecified "asbestos related lung condition."[4] After the defendants' responsive pleadings and a scheduling conference with the circuit court, Mr. Arendt and CVLO served written discovery and medical records.[5]

In a set of written discovery responses, styled as "Plaintiff's Response to Standard Interrogatories," Mr. Arendt and CVLO represented that he had "an asbestos-related condition that severely restricts [his] lung capacity," which was first diagnosed and told to him in May 2006.[6] Mr. Arendt and CVLO also stated that he was exposed to asbestos from 1956 until 1992, during his employment at Procter & Gamble, where pipe insulation had been installed, repaired, or removed.[7] Further, Mr. Arendt and CVLO stated that no other lawsuit existed.[8]

In January 2010, the defendants filed dispositive motions in the *Arendt I* lawsuit based these written admissions and the Wisconsin statute of limitations.[9] Along with the dispositive motions which sought a final order and costs, The Selmer Company filed

---

[3] Pl.'s Compl. 1, attached as Brian Watson Decl. Ex. A.
[4] *Id.* at ¶¶ 9-13.
[5] Pl.'s Resp. Standard Interrogs., attached as Brian Watson Decl. Ex. B.
[6] *Id.* at Nos. 3-5.
[7] *Id.* at Nos. 16, 19.
[8] *Id.* at Nos. 14.
[9] *E.g.*, Defs.' Mots., attached as Brian Watson Decl. Exs. C-F.

a motion for sanctions against Mr. Arendt and CVLO for filing a frivolous, time-barred action.[10] Rather than respond to the defendants' motions, Mr. Arendt and CVLO moved for a voluntary dismissal in a final order with prejudice and without costs.[11]

In their motion, Mr. Arendt and CVLO also made specific representations.[12] Mr. Arendt and CVLO represented that, "There will be no duplicative expenses of relitigation of plaintiff's non-malignant claims as the dismissal is being sought with prejudice."[13] Twice, they acknowledged that these non-malignant claims were diagnosed in May 2006.[14] They specifically agreed, in response to defendants' dispositive motions based on the statute of limitations, to dismiss with prejudice.[15] Further, they agreed to dismiss with prejudice the "non-malignant claims" and stated that no claim existed for a "malignancy" or "cancer" under the two-disease rule from *Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis. 2d 212, 601 N.W.2d 627 (Wis. 1999).[16]

On March 30, 2010, the Circuit Court of Brown County dismissed the *Arendt I*

---

[10] Def.'s Mot. & Reply, attached as Brian Watson Decl. Exs. G, H.

[11] Pl.'s Consol. Resp., attached as Brian Watson Decl. Ex. I.

[12] *Id.* at 1-5.

[13] *Id.* at 3, ¶ 11.

[14] *Id.* at 2, ¶¶ 4-5.

[15] *Id.* at 1, 5.

[16] *Id.* at Ex. F ("Reading the *Sopha* decision should clarify. . . . [P]laintiff's offer means the end of the current case for the non-malignant condition(s), 'and if Mr. Arendt is diagnosed with a cancer in the future, [plaintiff] will file a new action that is not now being currently contemplated based upon his current medical condition(s).' If, in the future, Mr. Arendt develops and is diagnosed with a malignant condition, then a lawsuit could be filed for those claims, at which time the statute of limitations for those malignant claims would start.").

lawsuit in a final order that disposed of the entire matter in litigation:

> Upon the file and proceedings had in this matter, and upon the above foregoing Stipulation,
>
> IT IS HEREBY ORDERED that the above-captioned action, together with all claims stated in the Complaint, may be dismissed with prejudice and without costs to any party, as against the other, and that an order to that effect may be entered by any party without notice to the other.
>
> **THIS IS A FINAL ORDER FOR PURPOSES OF APPEAL PURSUANT TO WIS. STAT. § 808.03.**[17]

## II. The *Arendt II* Lawsuit

Two days after filing the *Arendt I* lawsuit, Mr. Arendt and CVLO also filed the *Arendt II* lawsuit in this Court against six different defendants, including Owens-Illinois.[18] The Complaint alleged the same course of conduct that Mr. Arendt was exposed to asbestos at Green Bay Paper between 1953 and 1992, and sought compensatory and general damages for his unspecified "asbestos disease on August 6, 2006."[19]

As part of the federal asbestos MDL 875, the *Arendt II* lawsuit was transferred to the Eastern District of Pennsylvania for consolidated pretrial proceedings. The MDL 875 Court then entered several administrative and pretrial orders to streamline the proceedings. Under Administrative Order No. 12, Mr. Arendt and CVLO were required to submit specific information about (1) each plaintiff, (2) each prior or pending court or

---

[17] Order at 1, attached as Brian Watson Decl. Ex. J.
[18] Pl.'s Compl. 1, attached as Brian Watson Decl. Ex. K.
[19] *Id.* at ¶ 10.

administrative action, (3) each defendant, and (4) a medical diagnosing report or opinion.[20] Mr. Arendt and CVLO failed to comply with Administrative Order No. 12, however, and merely submitted two pages of medical records.[21]

Additionally, the MDL 875 Court ordered that Mr. Arendt and CVLO must answer a set of standard interrogatories.[22] In these interrogatories, Mr. Arendt and CVLO represented that no other lawsuit existed, repeatedly concealing the *Arendt I* lawsuit and their statements from written discovery and the state court file.[23] Further, Mr. Arendt and CVLO omitted the May 2006 diagnosis — which they had verified in the *Arendt I* lawsuit — and represented different facts about his diagnosis and injury.[24] Based on these interrogatory answers, Owens-Illinois and other defendants deposed Mr. Arendt and continued with pretrial discovery.

On March 12, 2012, however, the MDL 875 Court dismissed the *Arendt II* lawsuit for failure to comply with Administrative Order No. 12.[25] Because Mr. Arendt and CVLO had submitted only the medical records (which fell far short of Administrative

---

[20] Admin. Order No. 12, attached as Brian Watson Decl. Ex. L.
[21] Pl.'s Admin. Order No. 12 Submission, attached as Brian Watson Decl. Ex. M.
[22] *See In re Asbestos Prods. Liab. Litig. (No. VI)*, No. 08-90234, 2012 WL 5839023, at *2 (E.D. Pa. Nov. 16, 2012); *see also* Order at ¶¶ 5-6, Oct. 5, 2010, *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Apr. 10, 2015); Order at ¶ 1, Nov. 15, 2010, *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Apr. 10, 2015).
[23] Pl.'s First Resp. Standard Interrogs., Nos. 14, 29, attached as Brian Watson Decl. Ex. N; Pl.'s Verified Resp. Standard Interrogs., Nos. 14, 29, attached as Brian Watson Decl. Ex. O.
[24] Pl.'s First Resp. Standard Interrogs., Nos. 3, 4, attached as Brian Watson Decl. Ex. N; Pl.'s Verified Resp. Standard Interrogs., Nos. 3, 4, attached as Brian Watson Decl. Ex. O.
[25] Order at ¶ 6 & Ex. D, attached as Brian Watson Decl. Ex. P.

Order No. 12), the MDL 875 Court held that their submission failed to show any asbestos-related medical impairment (which is different than never being diagnosed).[26]

Mr. Arendt and CVLO appealed the dismissal of the *Arendt II* lawsuit. On appeal, Mr. Arendt and CVLO argued that he had been diagnosed with a symptomatic asbestos-related disease, including "asbestosis."[27] CVLO also asserted during oral argument that Mr. Arendt had been diagnosed with "asbestosis."[28] In affirming the dismissal, the Third Circuit held that CVLO had medical evidence that could have made a proper medical showing, but CVLO failed to submit them:

> Plaintiffs argue that the AO 12 submission in *Arendt* did, in fact, show such a diagnosis.
>
> The AO 12 submission in *Arendt* included one chest scan that suggested "bilateral apical pleural thickening" and "small right-sided pleural effusion." This was, evidently, the only medical record submitted in connection with the AO 12 submission. **While Plaintiff made other submissions to the "IKON repository" that included arguably more thorough diagnosing information, these documents were not included in Plaintiff's AO 12 submission.**[29]

Therefore, the *Arendt II* lawsuit was properly dismissed based on CVLO's failure to comply with Administrative Order No. 12 and submit the proper medical documents on behalf of their client, Mr. Arendt.

---

[26] *Id.*

[27] Appellants' Br. at 11, 34, 35, *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2012 WL 5196854, at *11, 34, 35 (3d Cir. filed Oct. 11, 2012), *available at* http://goo.gl/VShUA5 (last visited Apr. 10, 2015).

[28] Oral Argument at 15:05-40, *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. 12-2061 (3d Cir. argued Apr. 3, 2013), *available at* http://goo.gl/6oqHRT (last visited Apr. 10, 2015).

[29] *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 245 (3d Cir. 2013) (emphasis added).

**III.    The *Arendt III* Lawsuit**

On June 26, 2013, Mrs. Arendt and CVLO filed this *Arendt III* lawsuit in this Court against sixteen defendants, including Owens-Illinois.[30] The Complaint again alleged the same course of conduct that Mr. Arendt was exposed to asbestos at Green Bay Paper between 1953 and 1992, and sought compensatory, general, and punitive damages on behalf of the Estate for his "asbestosis" and subsequent death on February 13, 2013.[31]

The lawsuit was transferred to the Eastern District of Pennsylvania for consolidated pretrial proceedings as part of federal asbestos MDL 875.[32] Without the ability to review anything from the *Arendt I* lawsuit (which had not been disclosed or argued), the MDL 875 Court denied Owens-Illinois's motion to dismiss.[33] The MDL 875 Court then entered several administrative and pretrial orders to streamline the pretrial proceedings, including Administrative Order No. 12 and the court-ordered set of standard interrogatories.[34]

Contrary to Administrative Order No. 12, however, Mrs. Arendt and CVLO did not identify the *Arendt I* lawsuit in their submission.[35] Nor did Mrs. Arendt or CVLO

---

[30] Pl.'s Compl., ECF No. 1.

[31] *Id.* at ¶ 28.

[32] *See* Conditional Transfer Order, ECF No. 36.

[33] Order at 1-4, ECF No. 35-5.

[34] Scheduling Order 1-3, ECF No. 27, Case No. 13-60017 (E.D. Pa. filed Oct. 28, 2013).

[35] Pl.'s Status Report Admin. Order No. 12, attached as Brian Watson Decl. Ex. Q.

identify the *Arendt I* lawsuit in response to the standard interrogatories. Instead, Mrs. Arendt and CVLO represented that *Arendt II* was the only prior lawsuit.[36]

In MDL 875, the pretrial proceedings concluded without a single mention of the *Arendt I* lawsuit, let alone the full and complete disclosure (e.g., written discovery, state court filings) and the final order that disposed of the entire matter in litigation. Moreover, given that Mrs. Arendt and CVLO did not identify or disclose these facts, Owens-Illinois could not have a reasonable opportunity to complete pretrial discovery. Nor could Owens-Illinois present all material facts and dispositive legal issues by the summary judgment deadline.

To be sure, Mrs. Arendt and CVLO did not disclose the *Arendt I* lawsuit in opposing Owens-Illinois's motion for summary judgment.[37] Indeed, CVLO argued in briefing — despite their factual, legal, and ethical representations from *Arendt I* that Mr. Arendt's severely restrictive lung condition began in May 2006 — Owens-Illinois had "no evidence as to when any 'impairment' related to the non-malignant condition occurred."[38] Consequently, the MDL 875 Court denied Owens-Illinois's motion for summary judgment based on the incomplete and inaccurate record and CVLO's material representations and omissions.[39]

---

[36] *Id.* at ¶ 2.

[37] Pl.'s Resp. Summ. J., ECF No. 101-2, Case No. 13-60017 (E.D. Pa. filed Sept. 12, 2014).

[38] *Id.* at 7.

[39] Order 1-8, ECF No. 106, Case No. 13-60017 (E.D. Pa. filed Feb. 11, 2015).

# ARGUMENT

## I. There Is Good Cause to Amend the Scheduling Order.

This Court has broad authority to administer litigation to ensure "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 652-53 (7th Cir. 1989). Accordingly, Federal Rule of Civil Procedure 16 authorizes this Court to amend scheduling orders when there is good cause for doing so. Fed. R. Civ. P. 16(b)(4); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The "good cause" standard under Federal Rule of Civil Procedure 16 "primarily considers the diligence of the party seeking the amendment" and requires a party to "show that despite their diligence the time table could not have reasonably been met." *Trustmark Ins. Co.*, 424 F.3d at 553 (marks and citation omitted).

Owens-Illinois meets this standard. Before last month, the *Arendt I* lawsuit and its related facts were concealed by Mrs. Arendt and CVLO's representations that a different set of facts existed. Owens-Illinois could not, and did not, have a reasonable opportunity to complete pretrial discovery. Nor could Owens-Illinois reasonably present the material facts and dispositive legal issues by the summary judgment deadline. Indeed, Mrs. Arendt and CVLO still have not complied with the obligations placed on them because they have disclosed nothing about the *Arendt I* lawsuit.

Mrs. Arendt and CVLO's misrepresentations and failure to disclose these facts establish "'good cause' for the extension of the deadlines set by the Court's amended scheduling order." *United States v. Approximately $7,400 in U.S. Currency*, 274 F.R.D. 646, 648 (E.D. Wis. 2011); *Marine Travelift, Inc. v. Marine Lift Sys.*, Inc., No. 10-C-1046, 2013 WL 4046331, at *4-6 (E.D. Wis. Aug. 8, 2013) (same); 6A Wright, Miller, & Kane, *Federal Practice and Procedure* § 1522.2 (3d ed. & 2014 suppl.) ("When the modification is necessitated by acts of the opposing party or by the opponent's failure to act, relief also has been deemed appropriate." (collecting cases)).

Further, Mrs. Arendt and CVLO's failure to comply with the MDL 875 administrative and scheduling orders has undermined the entire goal of consolidated pretrial proceedings. There is no question that they should not benefit from their own violations. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). At a minimum, therefore, modifying the scheduling order is appropriate to allow discovery on *Arendt I* and leave to file any dispositive motions for reconsideration, summary judgment, and any further relief this Court deems just and proper.

## II. The Just, Speedy, and Inexpensive Determination Requires an Amended Scheduling Order.

Moreover, the newly discovered facts are material to the parties' and the Court's ability to continue this litigation at all. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and

- 11 -
Case 1:13-cv-00727-WCG   Filed 04/10/15   Page 11 of 17   Document 45

inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327 (Fed. R. Civ. P. 1). Thus, even if Mrs. Arendt and CVLO's concealment was not enough, their effect on the Court's ability to reach a "just, speedy, and inexpensive determination" requires an amended scheduling order. *Id.*

The *Arendt I* lawsuit raises material issues of preclusion, estoppel, and statute of limitations. For example, issue preclusion bars the "relitigation of issues that have been contested in a previous action between the same or different parties." *Michelle T. v. Crozier*, 173 Wis.2d 681, 687, 495 N.W.2d 327, 329 (1993). As Mr. Arendt and CVLO litigated and agreed in *Arendt I*, his "non-malignant claims" were dismissed with prejudice based on the litigated issue of the statute of limitations, and no claim existed for a "malignancy" or "cancer" under the two-disease rule from *Sopha*. Pl.'s Consol. Resp. Ex. F; *see also id.* at 1-5. *Sopha* "carve[d] out a limited exception to the single cause of action rule" such that "a person who brings an action based on a diagnosis of a non-malignant asbestos-related condition may bring a subsequent action upon a later diagnosis of a distinct *malignant* asbestos-related condition." 230 Wis. 2d at 241-44 (emphasis added). Because this lawsuit alleges the same course of conduct and does not allege a malignant condition, discovery of *Arendt I* will have a material and likely dispositive effect. *Id.*; *Howard v. Philip Morris USA, Inc.*, 98 Fed. App'x 535, 539 (7th Cir. 2004) (summary judgment on pulmonary and cardiovascular injuries, and "under Wisconsin law he was not entitled to wait to sue until the full extent of his injuries was

known").[40]

From the pretrial proceedings, Owens-Illinois, the MDL 875 Court, and this Court were entitled to complete disclosure and truthful discovery responses, as well as any other information that would flow from Mrs. Arendt and CVLO's fulsome disclosure of the *Arendt I* lawsuit. If evidence from *Arendt I* was destroyed, other remedies may be appropriate. Without discovery, however, this Court will not be able to make a "just, speedy, and inexpensive determination" of this lawsuit. *Celotex Corp.*, 477 U.S. at 327 (Fed. R. Civ. P. 1).

### III.  Failure to Obey the MDL 875 Orders Requires Even Further Just Orders.

Furthermore, Federal Rules of Civil Procedure 16(f) and 37(b) empower this Court to issue "just orders" when a party fails to comply with an order. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Under Federal Rule of Civil Procedure 16(f) and 37(b), the orders are reviewed for an abuse of discretion and the criteria are the same. *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993). Indeed, "the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *Tamari v. Bache & Co.*, 729 F.2d 469, 473 (7th Cir. 1984); *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). Even dismissal may be appropriate where a party violates an order and the Court

---

[40] Wisconsin law also "mandates that a wrongful death action cannot be brought unless the decedent, at the time of his death, was entitled to maintain an action and recover damages." *Miller v. Luther*, 170 Wis. 2d 429, 437, 489 N.W.2d 651, 653 (Wis. Ct. App. 1992).

relies on the party's description of litigation history. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (affirming dismissal, and collecting cases).

Mrs. Arendt and CVLO have put the judicial system through years of unnecessary litigation, including three separate lawsuits and an appeal. They have caused unnecessary expense and delays, and undermined the function of MDL 875 and consolidated pretrial proceedings under 28 U.S.C. § 1407. Unfortunately, these violations are not isolated. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 289 F.R.D. 424, 427 (E.D. Pa. 2013) ("While we hesitate to assign willfulness to any counsel who appears before us representing truly injured parties, we have no difficulty making such a conclusion here [with] CVLO.").[41]

From the outset, the MDL 875 Court ordered that "plaintiff shall identify *each and every prior or pending court* or administrative action brought with the intent of satisfying

---

[41] *See also Ahnert v. Brand Insulation Inc.*, No. 13-C-1456, 2015 WL 461568, at *5 (E.D. Wis. Feb. 3, 2015) ("[P]reclusion "provides an effective and useful means to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication'" (citation omitted)); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 278 F.R.D. 126, 132 (E.D. Pa. 2011) ("The Court categorically rejects the proposition that, because counsel chose to represent a large number of plaintiffs in these cases, counsel is entitled to a margin of error in complying with the Court's order. The entry of appearance by counsel constitutes a representation that counsel is ready, willing and able to represent each party for whom counsel has entered an appearance fully and adequately. Each plaintiff, and the Court, are entitled to no less."); *Delsart v. Albany Felt Co.*, 2012 WI App 132, ¶ 15 (Wis. Ct. App. 2012) ("This case has reached a point where allowing Delsart to continue papering over fatal flaws in his case would deprive the defendants of their right to a fair judicial process. In fact, the circumstances of this case lead the Court to conclude that Delsart's actions cannot even rise to the level of excusable neglect.").

in whole or in part, the damages sustained by the plaintiffs' alleged asbestos-related personal injury. In each such instance, Plaintiffs must identify each prior or pending claim, the parties involved, and the result." Admin. Order No. 12 at ¶ 2. The purpose of this order was "to avoid unnecessary burdens on defendants by requiring plaintiffs to provide certain medical and exposure information at the outset of the case," and resulted in dismissals for "plaintiffs who fail to comply with the requirements set forth." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d at 240.

The MDL 875 Court also ordered Mrs. Arendt and CVLO to answer a set of standard interrogatories. Scheduling Order 1, ECF No. 27, Case No. 13-60017 (E.D. Pa.). In these interrogatories, they were ordered to identify "whether you have ever filed a lawsuit for personal injury . . . , and if so, state the title, the court or claim number, and the reason for each lawsuit or claim, and the disposition of each lawsuit or claim." Pl.'s First Resp. Standard Interrogs., Nos. 14. But Mrs. Arendt and CVLO did not identify the *Arendt I* lawsuit at all, much less their statements in discovery or court filings. Even after the status hearing, Mrs. Arendt and CVLO still have not complied. Those failures to follow the MDL 875 orders falls squarely under Federal Rules of Civil Procedure 16(f) and 37(b).

## **CONCLUSION**

Faced with this motion, Mrs. Arendt and CVLO may seek to avoid, not meet, their obligations with an apparent belief that asbestos cases should be different. The

myth that they are entitled to special, reduced burdens of production, procedural shortcuts, and relaxed evidentiary standards has no foundation in law. The substantive, procedural, and evidentiary rules are well established, and they are the same rules that apply in every other federal case. Mrs. Arendt and CVLO must be required to, and must in fact, comply with the rules and court orders in the same manner, and to the same extent, as every other litigant. Their violations in this case, however, distort every basic principle of law, eviscerate the fundamental procedural protections, and could reward them to litigate their entire case without ever disclosing material facts — at a tremendous burden and expense to Owens-Illinois, three courts, and every other litigant on three separate court dockets.

For these reasons, Owens-Illinois, Inc. requests that the Court grant its Motion to Amend the Scheduling Order (ECF No. 44).

Dated: April 10, 2015      Respectfully submitted,

By: /s/ Brian O. Watson
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant*
*Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies on April 10, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-1253
CH2\16411832.1