IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Georgia Arendt, Individually and as
Special Administrator of the Estate of
Anthony Arendt, Deceased,

        Plaintiff,
v.                                        Case No. 1:13-cv-727-WCG

Owens-Illinois, Inc.,

        Defendant.

## OWENS-ILLINOIS, INC.'S
## STATEMENT OF PROPOSED MATERIAL FACTS

Owens-Illinois, Inc. ("Owens-Illinois") submits this Statement of Proposed Material Facts pursuant to Civil L. R. 56(b)(1)(C) in support of its Motion for Summary Judgment (ECF No. 49).

1. On August 3, 2009, Casino Vaughan Law Office, Ltd., or "CVLO" filed *Anthony Arendt v. The Boldt Company et al.* in the Wisconsin Circuit Court for Brown County ("*Arendt I*") in the Wisconsin Circuit Court of Brown County on behalf of Anthony Arendt.[1]

2. Owens-Illinois was not a defendant.[2]

3. *Arendt I* alleged a course of conduct that Mr. Arendt was exposed to asbestos in Brown County since 1956, and sought compensatory and general

---

[1] Pl.'s Compl. 1, attached as Rachel Remke Decl. Ex. A.
[2] *Id.*

damages for his unspecified "asbestos related lung condition."[3]

4. Mr. Arendt and CVLO drafted and served written discovery responses and medical records on December 14, 2009.[4]

5. In these responses, Mr. Arendt and CVLO stated: "I was diagnosed with an asbestos-related condition that severely restricts my lung capacity."[5]

6. When asked when the diagnosis was first communicated to Mr, Arendt and when Mr. Arendt first suspected his disease was related to asbestos exposure, he stated "I was told in May 2006 during a visit with Dr. Keith Meyers."[6]

7. Mr. Arendt stated he was exposed to asbestos from 1956 to 1992. He stated that "[a]t Procter & Gamble in Green Bay, my work included operating paper machines. I worked in areas where pipe insulation was being installed, repaired or removed and where general construction and building maintenance activities were going on."[7]

8. Mr. Arendt stated that he had never filed any other lawsuit for personal injury.[8]

9. The defendants filed dispositive motions based on the Wisconsin statute of limitations.[9]

10. The Selmer Company filed a motion for sanctions against Mr. Arendt

---

[3] *Id.* at ¶¶ 9-13.
[4] Pl.'s Resp. Standard Interrogs., attached as Rachel Remke Decl. Ex. B.
[5] *Id.* at No. 3.
[6] *Id.* at Nos. 4-5.
[7] *Id.* at Nos. 16, 17, 19.
[8] *Id.* at No. 14.
[9] Defs.' Mots., attached as Rachel Remke Decl. Exs. C-F.

and CVLO for filing a frivolous, time-barred action.[10]

11. Mr. Arendt and CVLO filed a consolidated Response to the defendants' motions.[11]

12. In this response, Plaintiff admitted it had received Mr. Arendt's medical records, which included a report indicating a May 2006 diagnosis with an asbestos-related condition by Dr. Keith Meyers from the Mayo Clinic. Plaintiff attached the report as Ex. C. [12]

13. Plaintiff admitted they had drafted discovery responses indicating that Dr. Keith Meyer had made the diagnosis with an asbestos-disease in May 2006 and disclosing medical records.[13]

14. Plaintiff admitted that CVLO had spoken with Dr. Meyers about Mr. Arendt.[14]

15. In discussions with defendants asking for an agreement to permit Plaintiff to voluntarily dismiss the case with prejudice, CVLO stated, "reading the *Sopha* decision should clarify. . . . [P]laintiff's offer means the end of the current case for the non-malignant condition(s), 'and if Mr. Arendt is diagnosed with a cancer in the future, [plaintiff] will file a new action that is not now being currently contemplated based upon his current medical condition(s).' If, in the future, Mr. Arendt develops and is diagnosed with a malignant condition, then a lawsuit could

---

[10] Def.'s Mot. & Reply, attached as Rachel Remke Decl. Exs. G, H.
[11] Pl.'s Consol. Resp., attached as Rachel Remke Decl. Ex. I.
[12] *Id.* at 2, ¶ 4, Ex. C.
[13] *Id.* at 2, ¶5.
[14] *Id.* at 2. ¶7

be filed for those claims, at which time the statute of limitations for those malignant claims would start."[15]

16. Mr. Arendt and CVLO asked the Brown County Circuit Court to permit it to dismiss the case with prejudice, representing "[t]here will be no duplicative expenses of relitigation of plaintiff's [sic] non-malignant claims as the dismissal is being sought with prejudice," and that "no new action that is not now being currently contemplated based upon his current medical condition(s)."[16]

17. On March 30, 2010, the Circuit Court of Brown County dismissed *Arendt I,* entering the following order:

> Upon the file and proceedings had in this matter, and upon the above foregoing Stipulation,
> IT IS HEREBY ORDERED that the above-captioned action, together with all claims stated in the Complaint, may be dismissed with prejudice and without costs to any party, as against the other, and that an order to that effect may be entered by any party without notice to the other.
> THIS IS A FINAL ORDER FOR PURPOSES OF APPEAL PURSUANT TO WIS. STAT. § 808.03.[17]

18. On August 5, 2009, Mr. Arendt and CVLO filed *Anthony Arendt v. AW Chesterton Company et al.,* No. 1:09-cv-00757-WCG (E.D. Wis. filed Aug. 5, 2009) ("*Arendt II*").[18]

19. None of the defendants from *Arendt I* was named.[19]

20. The Complaint alleged that Mr. Arendt was exposed to asbestos at

---

[15] *Id.* at Ex. F.
[16] *Id.* at 3, ¶11, Ex. F.
[17] Order at 1, attached as Rachel Remke Decl. Ex. J.
[18] Pl.'s Compl. 1, attached as Rachel Remke Decl. Ex. K.
[19] *Id.*

Green Bay Paper between 1953 and 1992 and that Mr. Arendt was diagnosed with "asbestos disease on August 6, 2006."[20]

21. As part of the federal asbestos MDL 875, *Arendt II* was transferred to the Eastern District of Pennsylvania for consolidated pretrial proceedings. Under Administrative Order No. 12, Mr. Arendt and CVLO were required to submit specific information about (1) each plaintiff, (2) each prior or pending court or administrative action, (3) each defendant, and (4) a medical diagnosing report or opinion.[21]

22. Mr. Arendt and CVLO only submitted two pages of medical records in their Order No. 12 Submission, none of which were the records from Dr. Meyers.[22]

23. The MDL 875 Court ordered that Mr. Arendt and CVLO answer a set of standard interrogatories.[23]

24. In these interrogatories, Mr. Arendt and CVLO represented that no other lawsuit existed.[24]

25. Mr. Arendt and CVLO did not report the May 2006 diagnosis and stated that "After seeing Dr. Daniels or August 8, 2006, he diagnosed me based on

---

[20] *Id.* at ¶¶ 7-11, Ex. B.

[21] Admin. Order No. 12, attached as Rachel Remke Decl. Ex. L.

[22] Pl.'s Admin. Order No. 12 Submission, attached as Rachel Remke Decl. Ex. M.

[23] *See In re Asbestos Prods. Liab. Litig. (No. VI)*, No. 08-90234, 2012 WL 5839023, at *2 (E.D. Pa. Nov. 16, 2012); *see also* Order at ¶¶ 5-6, Oct. 5, 2010, *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Apr. 28, 2015); Order at ¶ 1, Nov. 15, 2010, *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Apr. 28, 2015).

[24] Pl.'s First Resp. Standard Interrogs., Nos. 14, 29, attached as Rachel Remke Decl. Ex. N; Pl.'s Verified Resp. Standard Interrogs., Nos. 14, 29, attached as Rachel Remke Decl. Ex. O.

his examination as having developed asbestos-related pleural disease resulting in bilateral pleural effusions and lung atelectasis. I have also been diagnosed as suffering from vascular disease as seen in the July 8, 2010 letter from Dr. Daniels to Dr. Potts."[25]

26. On March 12, 2012, the MDL 875 Court dismissed the *Arendt II* lawsuit for failure to comply with Administrative Order No. 12 because their two-page submission failed to show any asbestos-related impairment.[26]

27. Mr. Arendt and CVLO appealed the dismissal of the *Arendt II* lawsuit and argued that he had been diagnosed with a symptomatic asbestos-related disease, including "asbestosis."[27]

28. The Third Circuit affirmed the dismissal, holding that:

> Plaintiffs argue that the AO 12 submission in *Arendt* did, in fact, show such a diagnosis.
>
> The AO 12 submission in *Arendt* included one chest scan that suggested "bilateral apical pleural thickening" and "small right-sided pleural effusion." This was, evidently, the only medical record submitted in connection with the AO 12 submission. **While Plaintiff made other submissions to the "IKON repository" that included arguably more thorough diagnosing information, these documents were not included in Plaintiff's AO 12 submission.**[28]

---

[25] Pl.'s First Resp. Standard Interrogs., Nos. 3, 4, attached as Rachel Remke Decl. Ex. N; Pl.'s Verified Resp. Standard Interrogs., Nos. 3, 4, attached as Rachel Remke Decl. Ex. O.

[26] Order at ¶ 6 & Ex. D, attached as Rachel Remke Decl. Ex. P.

[27] Appellants' Br. at 11, 34, 35, *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2012 WL 5196854, at *11, 34, 35 (3d Cir. filed Oct. 11, 2012), *available at* http://goo.gl/VShUA5 (last visited Apr. 28, 2015).

[28] *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 245 (3d Cir. 2013) (emphasis added).

29. Mr. Arendt died on February 13, 2013.[29]

30. On June 26, 2013, Mrs. Arendt and CVLO filed this lawsuit in this Court against sixteen defendants, including Owens-Illinois.[30]

31. The complaint alleges that Mr. Arendt was exposed to asbestos at Green Bay Paper between 1953 and 1992.[31]

32. It seeks compensatory, general, and punitive damages on behalf of the Estate for his "asbestosis" and subsequent death on February 13, 2013.[32]

33. The lawsuit was transferred to the Eastern District of Pennsylvania for consolidated pretrial proceedings as part of federal asbestos MDL 875.[33]

34. Owens-Illinois filed a motion to dismiss on the grounds that it was barred by the final order in *Arendt II*.[34]

35. The MDL 875 Court denied Owens-Illinois's motion to dismiss.[35]

36. The MDL 875 Court then entered several administrative and pretrial orders to streamline the pretrial proceedings, including Administrative Order No. 12 and the court-ordered set of standard interrogatories.[36]

37. Administrative Order No. 12 required Plaintiff to identify "related court actions," but Mrs. Arendt and CVLO did not identify *Arendt I* in their

---

[29] Pl.'s Compl., ¶2, ECF No. 1.
[30] Pl.'s Compl..
[31] *Id.* at ¶ 25.
[32] *Id.* at ¶¶25-28
[33] *See* Conditional Transfer Order, ECF No. 36.
[34] Mot. Dismiss 3-4, ECF No. 1, Case No. 13-60017 (E.D. Pa. filed Aug. 31, 2013).
[35] Order at 1-4, ECF No. 35-5.
[36] Scheduling Order 1-3, ECF No. 27, Case No. 13-60017 (E.D. Pa. filed Oct. 28, 2013).

submission.[37]

38. Mrs. Arendt and CVLO did not identify *Arendt I* in response to the standard interrogatories.[38]

39. Mr. Arendt gave the following deposition testimony:

Q. When were you diagnosed with asbestosis?
A. About five years ago.
Q. Five years ago from today, Mr. Arendt?
A. Or maybe six years ago, yes. I sent a bunch of -- you might even have them -- from Dr. Potts.
Q. Was that the first doctor --
A. Yes.
Q. -- that told you about asbestosis?
A. Yes.
. . . .
Q. Did you ever tell a physician about your asbestos exposure?
A. Yes.
Q. Do you recall which physician you discussed that with?
A. Probably all of 'em.[39]

40. On August 11, 2014, Owens-Illinois moved for summary judgment based on the Wisconsin statute of limitations.[40]

41. Mrs. Arendt and CVLO did not disclose *Arendt I* in opposing Owens-Illinois's motion for summary judgment.[41]

42. CVLO argued in its response that Owens-Illinois had "no evidence as to when any 'impairment' related to the non-malignant condition occurred."[42]

---

[37] Pl.'s Status Report Admin. Order No. 12, attached as Rachel Remke Decl. Ex. Q.
[38] *Id.* at ¶ 2.
[39] Dep. Anthony Arendt 296:17-25, 300:9-17, Mar. 9, 2012, attached as Rachel Remke Decl. Ex. R.
[40] Mot. Summ. J. ECF No. 94, Case No. 13-60017 (E.D. Pa. filed Aug. 11, 2014).
[41] Pl.'s Resp. Summ. J., ECF No. 101-2, Case No. 13-60017 (E.D. Pa. filed Sept. 12, 2014).
[42] *Id.* at 7.

43. The MDL 875 Court denied Owens-Illinois's motion for summary judgment.[43]

44. The MDL 875 Court based this denial on inadequate evidence of Mr. Arendt's diagnosis with a non-malignant asbestos disease and a lack of interrogatories signed by the plaintiff or his attorneys alleging the diagnosis.[44]

45. Anthony Arendt, Georgia Arendt and CVLO never disclosed *Arendt I* to Owens-Illinois.

46. Anthony Arendt never suffered from a malignant asbestos-disease or cancer.[45]

Based on these facts, and for the reasons set out in its Motion for Summary Judgment (ECF No. 49) and Memorandum of Law in Support of its Motion (ECF No. 51), Owens-Illinois, Inc. requests that the Court grant its Motion for Summary Judgment.

Dated: May 1, 2015   Respectfully submitted,

By: /s/ Rachel A. Remke
Edward Casmere
Brian O. Watson
Rachel A. Remke
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant*
*Owens-Illinois, Inc.*

---

[43] Order 1-8, ECF No. 106, Case No. 13-60017 (E.D. Pa. filed Feb. 11, 2015).
[44] *Id.* at 8.
[45] Pl.'s Compl. 1, attached as Rachel Remke Decl. Ex. K; Pl.'s Compl., ECF No. 1; Pl.'s Consol. Resp. Ex. F, attached as Rachel Remke Decl. Ex. I.

## CERTIFICATE OF SERVICE

The undersigned attorney certifies on May 1, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Eastern District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Rachel A. Remke
Rachel A. Remke

15640-1253
CH2\16534386.2