# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

Georgia Arendt, Individually and as
Special Administrator of the Estate of
Anthony Arendt, Deceased,

               Plaintiff,

   v.                            Case No. 1:13-cv-727-WCG

Owens-Illinois, Inc.,

               Defendant.

## OWENS-ILLINOIS, INC.'S MEMORANDUM IN SUPPORT
## OF ITS MOTION FOR SUMMARY JUDGMENT

Edward Casmere
Brian O. Watson
Rachel A. Remke
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Owens-Illinois, Inc.*

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................... 2
    A. *Arendt I* ............................................................................................... 2
    B. *Arendt II* .............................................................................................. 4
    C. *Arendt III* ............................................................................................ 6

III. LEGAL STANDARD ......................................................................................... 8
    A. The Summary Judgment Standard .................................................... 8
    B. Wisconsin Law ..................................................................................... 9

IV. ARGUMENT .................................................................................................... 10
    A. Plaintiff's Claims Are Barred By Issue Preclusion ............................ 10
        1. Plaintiff Litigated the Issue of Whether Her Claims are
            Time-Barred in *Arendt I* ......................................................... 10
        2. It is Fundamentally Fair to Apply Issue Preclusion ................ 13
    B. Plaintiff's Claims Are Barred By the Statute of Limitations ............. 15

V. CONCLUSION ................................................................................................. 18

## I. INTRODUCTION

For *six* years, Owens-Illinois was forced to defend *two* lawsuits brought by Cascino Vaughan Law Offices, Ltd., or "CVLO," on behalf of Anthony and Georgia Arendt that were barred from the start. Based on newly discovered evidence, Owens-Illinois now knows that Mr. Arendt and CVLO had filed a *third*, previous lawsuit in Wisconsin state court based on the same conduct.[1] In that lawsuit, Mr. Arendt and CVLO admitted Mr. Arendt was diagnosed with an asbestos-related disease in May 2006, revealing his claims were time-barred. As a result, they were forced to voluntarily dismiss their lawsuit with prejudice to avoid sanctions and costs. Plaintiff's subsequent lawsuits were thus barred by issue preclusion and the statute of limitations.

Despite years of discovery and multiple specific requests for this information, Plaintiff and her attorneys inexcusably failed to disclose the existence of the prior lawsuit and final judgment and represented different information about Mr. Arendt's diagnosis. This Court should not permit Plaintiff to file *three* lawsuits for the same conduct, all while hiding the fact that they all may have been meritless. Accordingly, Owens-Illinois now moves for summary judgment because whether Mr. Arendt's claims were time-barred was previously litigated to a final judgment and because they are, in fact, barred by the statute of limitations.

---

[1] As discussed in its Motion to Amend the Scheduling Order and Brief in Support, ECF No. 44 and 45, Owens-Illinois's counsel only recently learned of *Arendt I* through a search of CCAP after CVLO failed to disclose the existence of a prior lawsuit in *Suoja v. Owens-Illinois, Inc.*, No. 3:99-cv-475-BBC (W.D. Wis. filed Aug. 5, 1999).

## II.  FACTUAL BACKGROUND

On June 26, 2013, Plaintiff filed this lawsuit alleging her late husband, Anthony Arendt, was exposed to asbestos, and seeking damages for his non-malignant lung condition, "asbestosis," and wrongful death. ("*Arendt III*").[2]  This is the third lawsuit filed by CVLO, on behalf of the Arendts for the same course of conduct.  The first, *Anthony Arendt v. The Boldt Company et al.,* was filed in the Wisconsin Circuit Court for Brown County ("*Arendt I*") and the second, *Anthony Arendt v. AW Chesterton Company et al.,* was filed in this Court ("*Arendt II*") two days later.

### A.  *Arendt I*

On August 3, 2009, Mr. Arendt and CVLO filed *Arendt I,* alleging that Mr. Arendt was exposed to asbestos in Brown County since 1956, and seeking damages for his "asbestos related lung condition."[3]  They did not name Owens-Illinois as a defendant in this lawsuit.[4]  After several months of litigation, Mr. Arendt and CVLO answered written discovery and produced medical records.[5]

In these discovery responses, which were served on December 14, 2009, Mr. Arendt and CVLO represented that he had "an asbestos-related condition that

---

[2] Pl.'s Compl. ¶¶ 25-28, ECF No.1; (Statement of Proposed Material Facts, "SPMF," ECF No. 50, ¶¶30-32).

[3] Pl.'s Compl. 1, ¶¶9-13, attached as Rachel Remke Decl. Ex. A. (SPMF ¶¶ 1,3).

[4] *Id.* (SPMF ¶2).

[5] Pl.'s Resp. Standard Interrogs., attached as Rachel Remke Decl. Ex. B (SPMF ¶4).

Case 1:13-cv-00727-WCG   Filed 05/01/15   Page 4 of 22   Document 51

severely restricts [his] lung capacity," which was first diagnosed and communicated to him in May 2006.[6]  Mr. Arendt and CVLO also stated that he was exposed to asbestos from 1956 until 1992 while employed at Procter & Gamble, where pipe insulation had been installed, repaired, or removed and that no other lawsuit existed.[7]

Based on Mr. Arendt's written admissions, the defendants filed dispositive motions asserting that Mr. Arendt's claims were barred by Wisconsin's three-year statute of limitations.[8]  One of the defendants also filed a motion for sanctions against Mr. Arendt and CVLO for filing a frivolous, time-barred action.[9]  Rather than oppose the defendants' motions, Mr. Arendt and CVLO moved for a voluntary dismissal with prejudice.[10]

In their motion, Mr. Arendt and CVLO twice acknowledged that Mr. Arendt's non-malignant claims were diagnosed in May 2006 and attached the diagnosing records.[11]  They also agreed to dismiss the action with prejudice, assuring the court that "[t]here will be no duplicative expenses of relitigation of plaintiff's [sic] non-malignant claims as the dismissal is being sought with prejudice," and that "no new action is . . .  now being currently contemplated based upon his current medical

---

[6] *Id.* at Nos. 3-5 (SPMF ¶¶5-6).

[7] *Id.* at Nos. 14, 16, 17, 19 (SPMF ¶¶7-8).

[8] *E.g.*, Defs.' Mots., attached as Rachel Remke Decl. Exs. C-F (SPMF ¶9).

[9] Def.'s Mot. & Reply, attached as Rachel Remke Decl. Exs. G, H (SPMF ¶10).

[10] Pl.'s Consol. Resp., attached as Rachel Remke Decl. Ex. I (SPMF ¶¶11, 16).

[11] *Id.* at 2, ¶¶ 4-5, Ex. C (SPMF ¶¶12-14).

condition(s)."[12] Mr. Arendt and CVLO further represented that Mr. Arendt had no claim for a "malignancy" or "cancer" under *Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis. 2d 212, 601 N.W.2d 627 (Wis. 1999).[13] On March 30, 2010, the Circuit Court of Brown County dismissed *Arendt I* with prejudice*,* entering a final order that disposed of the entire lawsuit. [14]

### B. *Arendt II*

Two days after filing *Arendt I*, Mr. Arendt and CVLO filed *Arendt II* against Owens-Illinois in this Court. [15] The complaint alleged the same course of conduct that Mr. Arendt was exposed to asbestos at Green Bay Paper between 1953 and 1992 and that Mr. Arendt was diagnosed with "asbestos disease on August 6, 2006."[16] None of the defendants from *Arendt I* were named.

---

[12] *Id.* at 3, ¶ 11, Ex. F (SPMF ¶¶15-16).

[13] *Id.* ("Reading the *Sopha* decision should clarify. . . . If, in the future, Mr. Arendt develops and is diagnosed with a malignant condition, then a lawsuit could be filed for those claims, at which time the statute of limitations for those malignant claims would start.") (SPMF ¶15).

[14] The Order read:

Upon the file and proceedings had in this matter, and upon the above foregoing Stipulation,

IT IS HEREBY ORDERED that the above-captioned action, together with all claims stated in the Complaint, may be dismissed with prejudice and without costs to any party, as against the other, and that an order to that effect may be entered by any party without notice to the other.

THIS IS A FINAL ORDER FOR PURPOSES OF APPEAL PURSUANT TO WIS. STAT. § 808.03.

Order at 1, attached as Rachel Remke Decl. Ex. J (SPMF ¶17).

[15] Pl.'s Compl. 1, attached as Rachel Remke Decl. Ex. K. (SPMF ¶18).

[16] *Id.* at ¶¶ 7-11, Ex. B (SPMF ¶¶19-20).

- 4 -

The case was then transferred to the MDL 875 in the Eastern District of Pennsylvania for consolidated pretrial procedures in asbestos cases. The MDL 875 Court entered Administrative Order No. 12, requiring Mr. Arendt and CVLO to submit specific information, including information about any prior or pending court or administrative actions and a medical diagnosing report or opinion.[17] Mr. Arendt and CVLO failed to comply with Administrative Order No. 12 and submitted only two pages of medical records that did not include the records from *Arendt I* indicating Mr. Arendt's May 2006 diagnosis.[18]

Additionally, the MDL 875 Court ordered Mr. Arendt and CVLO to answer a set of standard interrogatories.[19] In their responses, Mr. Arendt and CVLO repeatedly represented that no other lawsuit existed, concealing *Arendt I* and their statements in written discovery and state court documents.[20] Further, Mr. Arendt and CVLO omitted the May 2006 diagnosis and represented different facts about his diagnosis and injury.[21] Based on these interrogatory answers, Owens-Illinois and the other defendants did not file dispositive motions based on the statute of

---

[17] Admin. Order No. 12, attached as Rachel Remke Decl. Ex. L (SPMF ¶21).

[18] Pl.'s Admin. Order No. 12 Submission, attached as Rachel Remke Decl. Ex. M (SPMF ¶22).

[19] *See In re Asbestos Prods. Liab. Litig. (No. VI)*, No. 08-90234, 2012 WL 5839023, at *2 (E.D. Pa. Nov. 16, 2012) (SPMF ¶23).

[20] Pl.'s First Resp. Standard Interrogs., Nos. 14, 29, attached as Rachel Remke Decl. Ex. N; Pl.'s Verified Resp. Standard Interrogs., Nos. 14, 29, attached as Rachel Remke Decl. Ex. O (SPMF ¶¶24-25).

[21] Pl.'s First Resp. Standard Interrogs., Nos. 3, 4, attached as Rachel Remke Decl. Ex. N; Pl.'s Verified Resp. Standard Interrogs., Nos. 3, 4, attached as Rachel Remke Decl. Ex. O (SPMF ¶¶24-25).

limitations and continued with pretrial discovery.

On March 12, 2012, the MDL 875 Court dismissed *Arendt II* because Mr. Arendt and CVLO failed to comply with Administrative Order No. 12.[22] Because they submitted only two medical records that did not satisfy Administrative Order No. 12, the MDL 875 Court held that their submission failed to show any asbestos-related medical impairment.[23] Mr. Arendt and CVLO appealed the dismissal of *Arendt II*, arguing Mr. Arendt had been diagnosed with a symptomatic asbestos-related disease.[24] In affirming the dismissal, the Third Circuit held that CVLO had medical evidence that could have made a proper medical showing of impairment but had failed to submit them.[25] *Arendt II* was therefore dismissed not because Mr. Arendt did not have any asbestos-related medical impairment, but because CVLO simply failed to prove it.

C.    *Arendt III*

Mrs. Arendt and CVLO then filed *Arendt III* in this Court against sixteen defendants, including Owens-Illinois.[26] The complaint again alleged the same course of conduct that Mr. Arendt was exposed to asbestos at Green Bay Paper

---

[22] Order at ¶ 6 & Ex. D, attached as Rachel Remke Decl. Ex. P (SPMF ¶26).

[23] The MDL 875 Court did not find that Mr. Arendt had not been diagnosed with an asbestos-related disease or that he had no impairment from that disease. Rather, the MDL 875 Court dismissal of *Arendt II* was purely procedural. *Id.*

[24] Appellants' Br. at 11, 34, 35, *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2012 WL 5196854, at *11, 34, 35 (3d Cir. filed Oct. 11, 2012), *available at* http://goo.gl/VShUA5 (last visited Apr. 28, 2015) (SPMF ¶27).

[25] *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 245 (3d Cir. 2013) (emphasis added) (SPMF ¶28).

[26] Pl.'s Compl., ECF No. 1 (SPMF ¶¶30-32)

between 1953 and 1992, and sought damages on behalf of the Estate for his "asbestosis" and subsequent death on February 13, 2013.[27]

The lawsuit was again transferred to the MDL 875 Court.[28]  Owens-Illinois moved to dismiss the complaint on the grounds that it was barred by the final order in *Arendt II*.[29]  Without the ability to review anything from *Arendt I*, the MDL 875 Court denied Owens-Illinois's motion.[30]

As it had in *Arendt II,* the MDL 875 Court again required Plaintiff to respond to Administrative Order No. 12 and a court-ordered set of standard interrogatories.[31]  Again, despite being specifically required to do so, Mrs. Arendt and CVLO did not identify *Arendt I* in their Administrative Order No. 12 submission or in response to the interrogatories.[32]   Instead, Mrs. Arendt and CVLO represented that *Arendt II* was the only prior lawsuit.[33]

After Mr. Arendt admitted in his deposition he was diagnosed with an asbestos-related disease more than three years before he filed *Arendt II*, Owens-

---

[27] *Id.* at ¶¶25-28 (SPMF ¶¶29-32).

[28] *See* Conditional Transfer Order, ECF No. 36 (SPMF ¶33).

[29] Mot. Dismiss 3-4, ECF No. 1, Case No. 13-60017 (E.D. Pa. filed Aug. 31, 2013) (SPMF ¶34).

[30] Order at 1-4, ECF No. 35-5 (SPMF ¶35).

[31] Scheduling Order 1-3, ECF No. 27, Case No. 13-60017 (E.D. Pa. filed Oct. 28, 2013) (SPMF ¶36).

[32] Pl.'s Status Report Admin. Order No. 12, attached as Rachel Remke Decl. Ex. Q (SPMF ¶37).

[33] *Id.* at ¶2 (SPMF ¶¶37-38).

Illinois moved for summary judgment.[34] CVLO argued in its response that Owens-Illinois had "no evidence as to when any 'impairment' related to the non-malignant condition occurred."[35] The MDL 875 Court denied Owens-Illinois's motion for summary judgment, citing inadequate evidence of the timing of Mr. Arendt's diagnosis with a non-malignant asbestos related disease.[36]

## III. LEGAL STANDARD

### A. The Summary Judgment Standard

Summary judgment is appropriate when there are no genuine disputes as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A motion for summary judgment will not be defeated by "the mere existence" of some disputed facts, but will be denied only when there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

Summary judgment will be entered against a party that "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*

---

[34] Mot. Dismiss 3-4, ECF No. 1, Case No. 13-60017 (E.D. Pa. filed Aug. 31, 2013) (SPMF ¶34).

[35] Pl.'s Resp. Summ. J. 7, ECF No. 101-2, Case No. 13-60017 (E.D. Pa. filed Sept. 12, 2014) (SPMF ¶¶40-42).

[36] Order 8, ECF No. 106, Case No. 13-60017 (E.D. Pa. filed Feb. 11, 2015) (SPMF ¶43-44).

Case 1:13-cv-00727-WCG   Filed 05/01/15   Page 10 of 22   Document 51

*v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party bears the initial burden to show the absence of any genuine disputes of material fact, meeting this obligation shifts the burden to the nonmoving party which must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. "Where there is no genuine issue of material fact, the sole question is whether the moving party is entitled to judgment as a matter of law." *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Id.*

### B.     Wisconsin Law

Federal jurisdiction of this case is based on diversity of citizenship under 28 U.S.C. § 1332, and this action was filed in the Eastern District of Wisconsin. To decide what substantive law governs, a federal court in diversity jurisdiction applies the substantive law of the state in which it sits, including that state's conflict of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Plaintiff has alleged exposure to asbestos-containing products only in Wisconsin, so Wisconsin law governs her claims against Owens-Illinois. *Doe v. Am. Nat. Red Cross*, 847 F. Supp. 643, 650 (W.D. Wis. 1994). Accordingly, this Court should apply Wisconsin law. *Id.*

## IV. ARGUMENT

### A. Plaintiff's Claims Are Barred By Issue Preclusion.

Issue preclusion prohibits the re-litigation of issues that were contested in a previous action between the same or different parties and were decided by a valid final judgment.[37] *Michelle T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 687, 495 N.W.2d 327, 329 (1993). When deciding to apply issue preclusion, courts consider 1) whether the issue was actually litigated in the previous action and 2) whether it is fundamentally fair to employ issue preclusion given the circumstances of the case. *Id* at 687-92. Courts apply a "looser, equities-based interpretation of [issue preclusion]" rather than formalistic requirements. *Id.* at 687-88. Both weigh heavily in favor of preclusion.

### 1. Plaintiff Litigated the Issue of Whether Her Claims are Time-Barred in *Arendt I.*

A party may not re-litigate an issue it litigated in a prior action that resulted in a final judgment. *Id.* Generally, judgments based on confession, consent and default are not given a preclusive effect because the issues were not actually litigated. Restatement (Second) of Judgments sec. 27 comment e, at 257 (1980). But this rule is flexible, and courts make exceptions when a party actually did litigate the issue, or when the party's conduct or reason for not litigating the issue shows preclusion is appropriate. *Id., see, e.g., Heggy v. Grutzner*, 156 Wis. 2d 186, 193-95, 456 N.W.2d 845, 849 (Ct. App. 1990)(affirming application of issue

---

[37] Claim preclusion, also called *res judicata*, does not apply because Owens-Illinois was not a party to *Arendt I. See Lindas v. Cady,* 183 Wis. 2d 547, 558, 515 N.W.2d 458, 463 (Wis. 1994)

preclusion even though lawsuit resolved by default judgment where defendant's poor conduct warranted preclusion); *In re Schoff*, 05-C-555-S, 2005 WL 3201141, at **3-4 (W.D. Wis. Nov. 28, 2005) (applying Wisconsin law)(giving default judgment preclusive effect when party litigated issues in damages phase after judgment); *see also Deminsky v. Arlington Plastics Mach.*, 2001 WI App 287, ¶¶40-41, 249 Wis. 2d 441, 472-73, 638 N.W.2d 331, 347 (recognizing exception to general rule that consent or default judgments are not preclusive when circumstances, especially conduct of the parties, warrant an exception). For example, in *Heggy*, the court gave a default judgment preclusive effect because the plaintiff's conduct, dodging service, justified prohibiting it from relitigating the issues. *Heggy*, 156 Wis. 2d at 193-95.

Here, Plaintiff actually litigated the issue of whether her claims are time-barred in *Arendt I*. Plaintiff answered and conducted discovery with respect to when Mr. Arendt was diagnosed with non-malignant asbestos-related disease.[38] Plaintiff's attorneys reviewed Mr. Arendt's medical records and spoke with the physician who made his May 2006 diagnosis.[39] Indeed, the defendants moved for summary judgment for exactly that reason – that Mr. Arendt's lawsuit was barred by the Wisconsin three-year statute of limitations.[40] In response to these motions,

---

[38] Pl.'s Resp. Standard Interrogs., Nos. 3-5, attached as Rachel Remke Decl. Ex. B (SPMF ¶¶4-5).

[39] Pl.'s Consol. Resp. 2, ¶¶4,7, attached as Rachel Remke Decl. Ex. I (SPMF ¶¶12-14).

[40] Def.'s Mot. & Reply, attached as Rachel Remke Decl. Exs. G, H (SPMF ¶10).

CVLO twice acknowledged Mr. Arendt's May 2006 diagnosis and asked the defendants, and court, to permit it to dismiss the case with prejudice rather than face sanctions for filing a frivolous lawsuit.[41]

Issue preclusion applies here even though the final order in *Arendt I* was a voluntary dismissal. This is not a case where the plaintiff filed a lawsuit, and, before litigating the issues, voluntarily dismissed. Rather, after conducting months of discovery and making admissions that Mr. Arendt's claims were time-barred, the plaintiff chose to dismiss the case with prejudice to avoid sanctions. The plaintiff and CVLO then filed multiple, repetitious lawsuits, during which they concealed the prior action, their admissions about Mr. Arendt's diagnosis and the prior final judgment. Plaintiff's litigation of the issues, reason for dismissing *Arendt I* and her egregious conduct in this case certainly warrant applying issue preclusion to bar yet another lawsuit. *See Heggy*, 156 Wis. 2d at 193-95.

### 2.     It is Fundamentally Fair to Apply Issue Preclusion.

Considerations of fundamental fairness also weigh in favor of issue preclusion. The very purpose of issue preclusion is to promote finality of judgments and to prevent "repetitious or harassing litigation." *Michelle T.*, 173 Wis. 2d at 688. But, contrary to Mr. Arendt and CVLO's representation in *Arendt I* that "there will be no "duplicative . . . relitigation of plaintiff's [sic] non-malignant claims," they

---

[41] Pl.'s Consol. Resp. 2, ¶¶4-5, 3, ¶10, attached as Rachel Remke Decl. Ex. I (SPMF ¶¶11-16).

have done just that.[42]   Plaintiff has now filed three separate lawsuits based on the exact same conduct, all while concealing the fact that the same claims were dismissed with prejudice in *Arendt I.*

Despite being repeatedly specifically required to disclose prior lawsuits during discovery in *Arendt II* and *III*, Plaintiff and her counsel did not reveal the existence of *Arendt I* or the voluntary dismissal with prejudice.  Further, Plaintiff did not disclose Mr. Arendt's previous admission that he was diagnosed with "an asbestos-related condition that severely restrict[ed his] lung capacity," in May 2006. Instead, they represented he was diagnosed in August 2006, within the statute of limitations.[43]   Plaintiff and her attorneys' omissions and misrepresentations prevented Owens-Illinois and the other defendants in *Arendt II* and *III* from conducting fulsome discovery on an issue she was aware could be dispositive. This Court should not permit Plaintiff to voluntarily dismiss a lawsuit once it appears the case is likely barred, only to refile against different defendants without disclosing the admissions that forced them to dismiss in the first place.  Thus, fundamental fairness dictates this Court should apply issue preclusion to avoid rewarding Plaintiff and CVLO's blatant disregard of their legal and ethical responsibilities.[44]

---

[42] *Id.* at 3, ¶ 11 (SPMF ¶15).

[43] *See, e.g.* Pl.'s First Resp. Standard Interrogs., Nos. 3, 4, 14, 29 attached as Rachel Remke Decl. Ex. N; Pl.'s Verified Resp. Standard Interrogs., Nos. 3, 4, 14, 29 attached as Rachel Remke Decl. Ex. O (SPMF ¶¶24-26).

[44] Not only does Plaintiff and CVLO's behavior warrant applying issue preclusion, this type of repeated discovery violation can result in sanctions,

Furthermore, the fact that Plaintiff could have joined Owens-Illinois as a defendant in *Arendt I* also weighs in favor of giving the *Arendt I* dismissal a preclusive effect. Under Wisconsin law, "[when] a plaintiff brings a subsequent action involving the same issues against a person whom he could appropriately have joined as a co-defendant in the first action, only strongly compelling circumstances justify withholding preclusion." *Restatement Second of Judgments* §29, cmt e; *Portage Cnty. Bank v. Deist*, 159 Wis. 2d 793, 799, 464 N.W.2d 856, 859 (Ct. App. 1990) (recognizing Wisconsin applies Section 29 of the Second Restatement of Judgments). No such circumstances exist here.

Plaintiff and her attorneys were aware that Owens-Illinois was a potential defendant at the beginning of *Arendt I.* Indeed, Mr. Arendt and CVLO filed *Arendt II* against Owens-Illinois just *two days* after *Arendt I,* alleging the same course of conduct.[45] Mr. Arendt and CVLO should be required to file a single case for the same issue, against all parties that they were aware were potentially responsible or bear the risk that a dismissal with prejudice in one lawsuit will have a preclusive effect on the other. Indeed, courts across the country have recognized that issue preclusion promotes judicial economy because it gives the plaintiff the incentive to file against all defendants who may be responsible in one action. *See, e.g., Parklane*

---

including dismissal. *See Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003) (affirming dismissal with prejudice for repeated and deliberate nondisclosure of information in response to interrogatories).

[45] Pl.'s Compl. 1, attached as Rachel Remke Decl. Ex. K (SPMF ¶¶1, 18-20).

*Hosiery Co. v. Shore*, 439 U.S. 322, 330, 99 S. Ct. 645, 651, 58 L. Ed. 2d 552 (1979);

*In re Owens*, 125 Ill. 2d 390, 398, 532 N.E.2d 248, 251 (1988).

This Court should prevent Plaintiff from re-litigating whether her claims are barred by the Wisconsin statute of limitations because she actually litigated this issue, and fundamental fairness requires prohibiting Plaintiff's conduct. Thus, Plaintiff's claims are barred by issue preclusion and should be dismissed.

### B. Plaintiff's Claims Are Barred By the Statute of Limitations.

Plaintiff's claims are also barred by Wisconsin's three-year statute of limitations for personal injury claims. Owens-Illinois renews its motion for summary judgment based on the statute of limitations and on the admissions recently obtained from the *Arendt I* court file. A renewed motion for summary judgment is proper, especially where, as here, it is based on new evidence. *See Kirby v. P. R. Mallory & Co.*, Inc., 489 F.2d 904, 913 (7th Cir. 1973) (affirming trial court's grant of renewed motion for summary judgment after new evidence was obtained through discovery); *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 08-C-627, 2009 WL 1351156, at *7 (E.D. Wis. May 12, 2009) *aff'd*, 607 F.3d 453 (7th Cir. 2010) (granting renewed summary judgment motion based on new evidence).

Wisconsin has a three-year statute of limitations for actions "to recover damages for injuries to the person." Wis. Stat. § 893.54. Indeed, the Wisconsin Supreme Court has held that one purpose of the statute of limitations is to "protect the defendants from fraudulent or stale claims[.]" *Korkow v. Gen. Casualty Co.*, 117 Wis. 2d 187, 198-99 (Wis. 1984) (citation omitted). Wisconsin's statute of limitations begins to run when a plaintiff "discovers, or in the exercise of reasonable

diligence should have discovered, not only the fact of the injury but also that the injury was probably caused by the defendant's conduct or product." *Meracle v. Children's Serv. Soc'y of Wis.*, 437 N.W.2d 532, 534 (Wis. 1989) (quoting *Borello v. U.S. Oil Co.*, 388 N.W.2d 140, 146 (Wis. 1986)). Plaintiff need not become convinced that a specific product caused the injuries. *Doe v. Archdiocese of Milwaukee*, 565 N.W.2d 94, 105 (Wis. 1997) (a plaintiff need not be "officially informed by an expert witness of his or her injury, its cause or the relation between the injury and its cause" before his claim accrues) (citing *Clark v. Erdmann*, 161 Wis. 2d 428, 448 (Wis. 1991)); *Keith-Popp v. Eli Lilly & Co.*, 639 F. Supp. 1479, 1482 (W.D. Wis. 1986). Rather, the Plaintiff's claims accrued and the statute of limitations began to run when she had "information providing the basis for an objective belief as to her injury and its cause." *Doe*, 565 N.W.2d at 105; *Howard v. Philip Morris USA, Inc.*, 98 Fed. App'x 535, 539 (7th Cir. 2004).

In their answers to discovery in *Arendt I*, Mr. Arendt and CVLO admitted that he was diagnosed with "an asbestos-related condition that severely restrict[ed his] lung capacity" and that he was informed of this diagnosis and its cause in "May 2006 at a visit with Dr. Keith Meyers." [46] Thus, at that time the statute of limitations began to run, requiring Mr. Arendt to file his lawsuit by May 2009,

---

[46] Pl.'s Resp. Standard Interrogs., Nos. 3-5, attached as Rachel Remke Decl. Ex. B (SPMF ¶¶4-5). Mr. Arendt also admitted at his deposition that he was aware he had an asbestos-related disease more than three years before filing *Arendt I*. Dep. Anthony Arendt 296:17-25, 300:9-17, Mar. 9, 2012, attached as Rachel Remke Decl. Ex. R (SPMF ¶39).

months before he filed *Arendt II* and four years before Mrs. Arendt and CVLO filed *Arendt III*.[47]

Nor can the limited exception to the single-injury rule developed in *Sopha v. Owens-Corning Fiberglas Corp.* save her claim. 230 Wis. 2d 212, 601 N.W.2d 627 (Wis. 1999). Generally, a cause of action accrues and the statute of limitations begins to run when the plaintiff become aware of the injury, not when the full extent of the injuries become known. *Sopha*, 230 Wis. 2d at 226; *see also Howard v. Philip Morris USA, Inc.,* 98 F. App'x 535, 539 (7th Cir. 2004) ("[U]der Wisconsin law he was not entitled to wait to sue until the full extent of his injuries was known"). Wisconsin developed a limited exception to this rule in asbestos cases, holding that diagnosis with a "non-malignant" asbestos disease does not trigger the statute of limitations for a later-diagnosed "malignant" disease. *Sopha*, 230 Wis. 2d at 231-32. The statute of limitations for a "malignant" disease claim does not begin to run until diagnosis with the "malignant" disease. *Id.*

As Mr. Arendt and CVLO acknowledged at the time of the judgment in *Arendt I,* Mr. Arendt was not suffering from a malignant asbestos-disease.[48] Nor has Plaintiff alleged he developed one – Plaintiff's subsequent lawsuits were for his

---

[47] The fact that Mrs. Arendt is now the plaintiff and seeking damages for wrongful death is immaterial. Wisconsin law "mandates that a wrongful death action cannot be brought unless the decedent, at the time of his death, was entitled to maintain an action and recover damages." *Miller v. Luther*, 170 Wis. 2d 429, 437, 489 N.W.2d 651, 653 (Wis. Ct. App. 1992). Because Mr. Arendt's claim was barred as of his death, Mrs. Arendt's claim is also. *Id.*

[48] Pl.'s Consol. Resp. Ex. F, attached as Rachel Remke Decl. Ex. I (SPMF ¶15).

"asbestos disease" or "asbestosis." *Ahnert v. Brand Insulation Inc.*, No. 13-C-1456, 2014 WL 4257740, at *4 (E.D. Wis. Aug. 29, 2014)(acknowledging "asbestosis" is a non-malignant claim).[49]  Therefore, Mr. Arendt's claim accrued and the three year statute of limitations began to run when he was first diagnosed in May 2006. Because the *Sopha* exception does not apply and Plaintiff did not file this lawsuit by May 2009, her claims are time-barred and Owens-Illinois is entitled to judgment as a matter of law.

## V.    CONCLUSION

Because Mr. Arendt and CVLO litigated the issue of whether his claims were barred by the Wisconsin statute of limitations to a final judgment with prejudice, and because they repeatedly failed to disclose this dismissal, the prior lawsuit and the underlying facts, Plaintiff's claims should be barred by issue preclusion. Plaintiff's claims are also time-barred based on Mr. Arendt and CVLO's admissions in *Arendt I.*  Owens-Illinois, Inc. therefore respectfully requests this Court enter an order granting summary judgment in its favor and against Georgia Arendt, individually and as specially administrator of the estate of Anthony Arendt, granting it fees and costs, and awarding such further relief as this Court deems just and proper.

---

[49] Pl.'s Compl. 1, attached as Rachel Remke Decl. Ex. K; Pl.'s Compl., ECF No. 1 (SPMF ¶45).

Dated:  May 1, 2015                Respectfully submitted,


By: /s/ Rachel A. Remke
    Edward Casmere
    Brian O. Watson
    Rachel A. Remke
    Schiff Hardin LLP
    233 S. Wacker Dr. Suite 6600
    Chicago, Illinois  60606
    (312) 258-5500
    (312) 258-5600 (facsimile)

    *Attorneys for Defendant*
    *Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies on May 1, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Eastern District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Rachel A. Remke
Rachel A. Remke

15640-1253
CH2\16520199.3