**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

Georgia Arendt, Individually and as
Special Administrator of the Estate of
Anthony Arendt, Deceased,

                Plaintiff,

      v.                                Case No. 1:13-cv-727-WCG

Owens-Illinois, Inc.,

                Defendant.

**OWENS-ILLINOIS, INC.'S COMBINED
RESPONSE TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS
AND REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Owens-Illinois, Inc. ("Owens-Illinois") submits this combined response to

Plaintiff's Motion to Voluntarily Dismiss (ECF No. 54) and reply in support of its

Motion for Summary Judgment (ECF No. 49).

<u>**ARGUMENT**</u>

**I.    <u>Summary Judgment Should Be Entered as Uncontested.</u>**

Owens-Illinois showed that summary judgment is proper because there are no

genuine issues of material fact on two matters of law.  First, issue preclusion bars

Plaintiff's claims because Anthony Arendt and his attorney-agent, Cascino Vaughan

Law Offices (CVLO), actually litigated the issue of whether these claims were barred by

the statute of limitations to a final judgment with prejudice.  Def.'s Mem. § IV.A, at 10-

15.  Second, the statute of limitations bars Plaintiff's claims based on the judicial

admissions that Mr. Arendt knew about his nonmalignant asbestos-related disease

more than three years before this lawsuit.  Def.'s Mem. § IV.B, at 15-18.

Plaintiff did not respond at all to Owens-Illinois's motion for summary judgment.

*See* Minute Entry, ECF No. 48 (ordering response by May 22, 2015); Pl.'s Resp., ECF No. 53 (acknowledging deadline of May 22, 2015).  Where, as here, the nonmoving party fails to properly respond, the Court should deem the material fact admitted. Civil L.R. 56(b)(4); *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 992 (7th Cir. 2002) (affirming where plaintiff "did not satisfy the local rule, the district court concluded that the defendants' proposed findings of fact were undisputed"); *Hedrich v. Bd. of Regents of the Univ. of Wisconsin Sys.*, 274 F.3d 1174,1177-78 (7th Cir. 2001).  Therefore, Federal Rule of Civil Procedure 56 mandates the entry of summary judgment against Plaintiff who has failed to make a showing sufficient to establish any genuine issue of material fact. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II.    Plaintiff's Motion to Voluntarily Dismiss Should Be Denied.

Indeed, rather than respond to Owens-Illinois's motion for summary judgment, Plaintiff filed a motion to voluntarily dismiss on the day her response was due.  Pl.'s Mot., ECF No. 54.  Because Plaintiff's motion fails to satisfy her burden to voluntarily dismiss the action without prejudice, and Owens-Illinois would suffer plain legal prejudice as discussed below, the motion should be denied.  *See* Fed. R. Civ. P. 41(a)(2); *Tolle v. Carrol Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994) (affirming district court's denial of motion to dismiss and entry of summary judgment against plaintiff).

Federal Rule of Civil Procedure 41(a)(2) provides that, after a defendant files an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Whether to grant this request is within the district court's discretion, "but it is an abuse of discretion for the district court to permit the voluntary dismissal of an

action where the defendant would suffer 'plain legal prejudice' as a result." *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007) (citations omitted); *accord Tolle*, 23 F.3d at 177. Additionally, a "dismissal may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994).

To be sure, the plaintiff has the burden "to persuade the district court and to establish that voluntary dismissal without prejudice is warranted." *Tolle*, 23 F.3d at 177. For deciding plaintiff's motion, the Seventh Circuit has outlined a list of factors: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of a plaintiff in prosecuting the action; (3) a plaintiff's insufficient explanation for the need to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). Applying those four factors here, Plaintiff's motion should be denied.

### A. Owens-Illinois Has Incurred Substantial Expense.

The first factor is the defendant's effort and expense of preparation for trial, which weighs heavily against the Plaintiff's motion. *Pace*, 409 F.2d at 334. In *Pace*, the Seventh Circuit affirmed specifically because the case "had been pending for one and one-half years" and "considerable discovery had been undertaken at substantial cost to the defendant." *Id.*

So much like *Pace*, this case has been pending for nearly two years and significant pretrial and summary judgment proceedings have been completed at

substantial cost to Owens-Illinois. Indeed, under these uncontested facts, Owens-Illinois has incurred the costs of unreasonable and vexatious litigation from two cases and an appeal. Considering the substantial efforts and expenses to Owens-Illinois, a dismissal without prejudice is not warranted. *Id.*; *see also Fuller v. Heintz/Candee*, No. 07-cv-305-bbc, 2008 WL 3200247, at *1 (W.D. Wis. Aug. 6, 2008) ("Plaintiff cannot expect to subject defendant to one year of litigation and walk away unscathed . . . .").

**B.    Plaintiff's Delay and Lack of Diligence Are Excessive.**

The second factor is "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action." *Pace*, 409 F.2d at 334. That factor is very much present here, and also supports a denial of Plaintiff's motion to voluntarily dismiss. Despite multiple court orders and discovery requests during the pretrial proceedings, Plaintiff and her attorneys concealed the *Arendt I* lawsuit from Owens-Illinois and the MDL 875 Court, and repeatedly represented that a different set of facts existed.

Plaintiff and her attorneys, moreover, put the judicial system through years of needless litigation, including three separate lawsuits and an appeal. They have caused excessive delays and undermined the function of MDL 875 and consolidated pretrial proceedings. Those delays and costs, which multiple courts and Owens-Illinois incurred to track, administer, and litigate multiple cases, are excessive, and hindered the efficiency of the MDL 875 litigation as a whole. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 161 (5th Cir. 2010) (affirming court's conversion of motion to voluntarily dismiss without prejudice to dismissal with prejudice). Unfortunately, the delays are not isolated to this case with Plaintiff's attorneys. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 289 F.R.D. 424, 427 (E.D. Pa. 2013) ("While we

hesitate to assign willfulness to any counsel who appears before us representing truly injured parties, we have no difficulty making such a conclusion here [with] CVLO.").[1] Given the excessive delays and complete lack of diligence in disclosing the *Arendt I* lawsuit and dismissing this action, Plaintiff's motion should be denied. *Pace*, 409 F.2d at 334.

### C. Plaintiff's Motion Offers No Explanations.

The third factor — whether plaintiffs provide sufficient explanation for the motion — also cuts sharply against a voluntary dismissal without prejudice. *Pace*, 409 F.2d at 334. Plaintiff's one page motion fails to articulate the standard for a voluntary dismissal, let alone provide a sufficient explanation for the need here to take a voluntary dismissal without prejudice. In fact, Plaintiff offers no explanations at all. Pl.'s Mot., ECF No. 54.

The lack of any explanation — together with the events leading to and the timing of Plaintiff's motion — shows the motion is not well taken. Because Plaintiff has not and cannot carry her burden under Federal Rule of Civil Procedure 41(a)(2), the

---

[1] *See also Ahnert v. Brand Insulation Inc.*, No. 13-C-1456, 2015 WL 461568, at *5 (E.D. Wis. Feb. 3, 2015) ("[P]reclusion "provides an effective and useful means to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication'" (citation omitted)); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 278 F.R.D. 126, 132 (E.D. Pa. 2011) ("The Court categorically rejects the proposition that, because counsel chose to represent a large number of plaintiffs in these cases, counsel is entitled to a margin of error in complying with the Court's order. The entry of appearance by counsel constitutes a representation that counsel is ready, willing and able to represent each party for whom counsel has entered an appearance fully and adequately. Each plaintiff, and the Court, are entitled to no less."); *Delsart v. Albany Felt Co.*, 2012 WI App 132, ¶ 15 (Wis. Ct. App. 2012) ("This case has reached a point where allowing Delsart to continue papering over fatal flaws in his case would deprive the defendants of their right to a fair judicial process. In fact, the circumstances of this case lead the Court to conclude that Delsart's actions cannot even rise to the level of excusable neglect.").

motion for a voluntary dismissal should be denied. *Pace*, 409 F.2d at 334; *In re Air Crash Disaster at Sioux City, Iowa on July 19, 1989*, No. MDL-817, 1990 WL 103566, at *1 (N.D. Ill. 1990) (denying request for dismissal without prejudice where plaintiffs failed to offer a specific, legitimate explanation for seeking dismissal).

### D. Plaintiff Cannot Deprive Owens-Illinois of a Final Judgment.

The fourth factor is whether, as in this case, the defendant has filed a motion for summary judgment. *Pace*, 409 F.2d at 334. In *Pace*, the Seventh Circuit explained that defendant had briefed its motion for summary judgment when the voluntary dismissal was filed and that plaintiff was "attempting to deprive the defendant of a ruling on the summary judgment motion by its dismissal tactic." *Id.* "These considerations amply support the district court's denial of the motion to dismiss without prejudice." *Id.*

That tactic is exactly what is happening here. Plaintiff and her attorneys knew the concealed information from the *Arendt I* lawsuit but waited, until Owens-Illinois independently uncovered it and then moved for summary judgment, to file a motion to voluntarily dismiss. After Owens-Illinois expended significant resources to prepare its motion — including the withheld information from the Wisconsin state court file — it would suffer severe prejudice if Plaintiff were allowed to use a dismissal tactic and deprive Owens-Illinois of its final judgment and its costs, expenses, and attorneys' fees. Every factor shows that Plaintiff's motion should be denied. *Pace*, 409 F.2d at 334.

### III. Owens-Illinois Is Entitled to Its Costs, Expenses, and Attorneys' Fees.

Contrary to Plaintiff's motion, Owens-Illinois should be awarded its costs, expenses, and attorneys' fees for (1) defending this action under 28 U.S.C. § 1927, and (2) obtaining either a voluntary dismissal under Federal Rule of Civil Procedure

41(a)(2) or a summary judgment under Federal Rules of Civil Procedure 54 and 56.

## A.    Section 1927 Requires Costs, Expenses, and Attorneys' Fees.

Under § 1927, any "attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  An award under § 1927 is given solely to the discretion of the district courts and subject only to the abuse of discretion standard. *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988).

District courts may award excessive costs, expenses, and attorneys' fees when an attorney has (1) "acted in an 'objectively unreasonable manner' by engaging in 'serious and studied disregard for the orderly process of justice'"; (2) "pursued a claim that is 'without a plausible legal or factual basis and lacking in justification'"; or (3) "pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (citation omitted).  Attorneys also have a continuing duty to dismiss claims.  *Id.* "Pressing a claim even after its emptiness became pellucid must be described as vexatious." *Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 809 (7th Cir. 2003). While subjective bad faith will certainly support imposing fees, such a finding is not necessary.  *Tate v. Ancell*, 551 Fed. App'x 877, 891-92 (7th Cir. 2014).

As detailed in Owens-Illinois's motions and above, Plaintiff's attorneys (CVLO) filed three time-barred lawsuits and an appeal stemming from Mr. Arendt's asbestos exposure.  CVLO's allegations here against Owens-Illinois had no plausible basis pre-

or post-filing, and CVLO knew this lawsuit was time-barred from the start. Rather than dismiss, however, CVLO forced Owens-Illinois to continue the proceedings, incurring expenses through fact and expert discovery and summary judgment. Indeed, CVLO's vexatious litigation and refusal to dismiss such claims are an unfortunately common event; its standard operating procedure appears to be to force defendants to litigate for extended periods of time and, then, if and only if, defendants incur the expenses of discovery and dispositive motions, voluntarily dismiss in exchange for a waiver of costs. This conduct is a § 1927 poster child.

### B. Rule 54(d) Would Require Costs.

Should the Court enter summary judgment, Federal Rule of Civil Procedure 54(d) also entitles the prevailing party to costs. Fed. R. Civ. P. 54(d). The Seventh Circuit has made clear that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005); *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009). Given the strong presumption that a prevailing party will be awarded the costs of litigation identified in 28 U.S.C. § 1920, Owens-Illinois should be awarded its costs here if summary judgment is entered.

### C. Rule 41(a)(2) Would Require Costs, Expenses, and Attorneys' Fees.

Finally, even if this Court granted Plaintiff's motion to dismiss, Federal Rule of Civil Procedure 41(a)(2) gives a district court broad discretion to impose conditions on a voluntary dismissal, including that the plaintiff pay costs and attorneys' fees. *Mother & Father v. Cassidy*, 338 F.3d 704, 709 (7th Cir. 2003); *Cauley v. Wilson*, 754 F.2d 769,

771 (7th Cir. 1985). "Dismissals without prejudice are usually granted only if the plaintiff pays expenses incurred by the defendant in defending the suit up to that point." *Woodzicka v. Artifex*, 25 F.Supp.2d 930, 936 (E.D. Wis. 1998) (citing *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998)).

Owens-Illinois has incurred substantial attorneys' fees, expert witness, and other costs in defending this action; if Plaintiff's motion is granted, Owens-Illinois may be forced to incur even more expenses. Therefore, this Court should condition any voluntary dismissal (if Plaintiff's motion is granted over Owens-Illinois's objections above) on Plaintiff or her attorneys paying costs, expenses, and attorneys' fees to Owens-Illinois to "offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *Marlow*, 19 F.3d at 303.

## CONCLUSION

For these reasons, Owens-Illinois requests that the Court deny Plaintiff's Motion to Voluntarily Dismiss Action (ECF No. 54), grant Owens-Illinois's Motion for Summary Judgment (ECF No. 49), and award costs, expenses, and attorneys' fees and any further relief as this Court deems just and proper.

Dated: May 26, 2015   Respectfully submitted,

By:/s/ Brian O. Watson
  Edward Casmere
  Brian O. Watson
  Schiff Hardin LLP
  233 S. Wacker Dr. Suite 6600
  Chicago, Illinois  60606
  (312) 258-5500
  (312) 258-5600 (fax)
  *Attorneys for Owens-Illinois, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies on May 26, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Eastern District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-1253
CH2\16657498.7