UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GEORGIA ARENDT, Individually and as
Special Administrator of the Estate of
Anthony Arendt, Deceased,

        Plaintiff,

v.                                             Case No. 13-C-727

OWENS-ILLINOIS INC,

        Defendant.

---

**DECISION AND ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT**

---

On June 26, 2013, Plaintiff filed this diversity lawsuit on behalf of herself and the estate of her late husband, Anthony Arendt, alleging that he died as a result of his exposure to asbestos during his work life. The case is before me on the motion of Defendant Owens-Illinois, Inc., for summary judgment and for actual attorney's fees and costs pursuant to 28 U.S.C. § 1927. For the reasons set forth below, the motion for summary judgment will be granted and Plaintiff's attorneys will be ordered to respond to Owens-Illinois' motion for attorney's fees and costs.

**BACKGROUND**

Plaintiff claims damages in this action for her husband's non-malignant lung condition, "asbestosis" and wrongful death. Shortly after it was filed, the case was transferred to the Eastern District of Pennsylvania for consolidated pretrial proceedings as part of the United States Judicial Panel on Multidistrict Litigation (MDL) No. 875, and then remanded to this court for trial on March

19, 2015. In a status conference held on March 27, 2015, counsel for Owens-Illinois, the only remaining defendant, notified the court that he had in the days before the telephone conference discovered that Anthony Arendt had previously filed a case in Brown County Circuit Court arising out of the same asbestos exposure as that alleged in this case. Counsel had little information about the previous case, but he surmised that the new information might constitute grounds for further motion practice in this case. Counsel for the plaintiff, the law firm Cascino Vaughn Law Offices Ltd. (CVLO), did not recall the prior case, despite the fact that court records indicated he and his firm had represented Mr. Arendt in the Brown County case. Rather than set a trial date, the court granted leave to Owens-Illinios to investigate the issue further and file any appropriate motion by April 10, 2015.

Owens-Illinois sought and was granted leave to amend the scheduling order to permit a motion for summary judgment. On May 1, 2015, Owens-Illinois filed its motion. Based on the facts it uncovered and recounted in its proposed findings of fact, Owens-Illinois now asserts that it is entitled to summary judgment on grounds of issue preclusion and the three-year Wisconsin statute of limitations applicable to claims for personal injury. Owens-Illinois argues that the Brown County Circuit Court's order dismissing Arendt's 2009 state case bars the claim of his wife and estate currently pending in this court. Alternatively, Owens-Illinois argues that if the Brown County Circuit Court's order did not preclude this action, it is barred by the applicable statute of limitations.

Rather than respond to Owens-Illinois' motion for summary judgment, Plaintiff filed a motion to voluntarily dismiss the case without prejudice. The motion offered no explanation why dismissal without prejudice would be reasonable after the case had been pending for almost three years. On the next business day, Owens-Illinois filed a combined response to Plaintiff's motion and a reply in

2

support of its motion for summary judgment. Owens-Illinois asserted that its proposed findings of fact should be deemed undisputed and that summary judgment should be entered in its favor. Owens-Illinois also requested attorneys fees and costs. The request for summary judgment is well founded.

The record shows that this is actually the third case CVLO has filed on behalf of Mr. Arendt or his estate seeking damages for his asbestos related injuries. According to Owens-Illinois' proposed findings of fact and the materials cited therein, the Brown County case (Arendt I), in which Owens-Illinois was not named, was filed on August 3, 2009, and dismissed with prejudice on March 30, 2010. (ECF No. 50, ¶¶ 1, 17.) Correspondence between CVLO and the defendants showed that Plaintiff agreed to dismiss the case because it was barred under Wisconsin's three-year statute of limitations based on a doctor's May 2006 diagnosis of Mr. Arendt's asbestos-related disease. (*Id.*, ¶¶ 13, 15.) Plaintiff's counsel represented that the Brown County case based on Mr. Arendt's non-malignant condition would be dismissed with prejudice, but that a future case based on any malignant condition that Mr. Arendt might develop could be re-filed. (*Id.*, ¶ 15.)

In moving for voluntary dismissal with prejudice of any asbestos-related non-malignant condition, Plaintiff was attempting to preserve any claim he might have if he later developed mesothelioma. The attempt to do so was based on the Wisconsin Supreme Court's decision in *Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis.2d 212, 601 N.W.2d 627 (1999). In that case the court held that a diagnosis of a non-malignant asbestos-related lung pathology does not trigger the statute of limitations with respect to a claim for a later diagnosed, distinct malignant asbestos-related condition, such as mesothelioma. *Id.* at 231-32. Thus, in the event he later developed mesothelioma, Arendt was free to refile his lawsuit against the defendants.

3

On August 5, 2009, only two days after Arendt I was commenced, CVLO also filed a second action on behalf of Mr. Arendt in this court against a different set of defendants with diverse citizenship, including Owens-Illinois, alleging Mr. Arendt was diagnosed with an "asbestos disease" on August 6, 2006 (Arendt II). (*Id.*, ¶ 20.) The case was transferred to MDL 875 for consolidated pretrial proceedings in asbestos cases. The MDL 875 Court entered Administrative Order No. 12, requiring Mr. Arendt and CVLO to submit specific information, including information about any prior or pending court or administrative actions and a medical diagnosing report or opinion. Mr. Arendt and CVLO failed to disclose Arendt I, claimed that he was diagnosed with asbestos-related illness on August 8, 2006, and submitted only two pages of medical records that did not include the records from Arendt I that revealed Mr. Arendt's May 2006 diagnosis. The non-disclosures went undetected and Arendt II was ultimately dismissed because Plaintiff failed to comply with an administrative order in other respects and failed to produce sufficient documentation of an asbestos-related impairment. (*Id.*, ¶ 26.) The dismissal was affirmed on appeal. (*Id.*, ¶ 28.) Mr. Arendt died on February 13, 2013. (*Id.*, ¶ 29.)

On June 26, 2013, Plaintiff filed this third case seeking damages for Mr. Arendt's asbestos-related lung condition naming, among others, Owens-Illinois (Arendt III). The case was also transferred to MDL 875, where Plaintiff again failed to disclose Arendt I and the May 2006 medical report in violation of the MDL Court's administrative order. (*Id.*, ¶¶ 38, 41, 45.) The MDL Court denied Owens-Illinois' motion to dismiss Arendt III on the ground that it was precluded by Arendt II because it concluded Arendt II had alleged only pleural thickening, not asbestosis as alleged in Arendt III. Applying Wisconsin's two-disease rule adopted in *Sopha*, the MDL Court concluded that dismissal of Arendt II did not bar Arendt III. Owens-Illinois also moved for summary judgment

4

of Arendt III in the MDL Court based on the statute of limitations, but it did not have the May 2006 medical report that contained the diagnosis of Arendt's asbestos-related illness. In opposition, Plaintiff argued that Owens-Illinois had "no evidence as to when any 'impairment' related to [Mr. Arendt's] non-malignant condition occurred." (*Id.*, ¶ 42.) The MDL court denied the motion for summary judgment because of insufficient evidence as to when Mr. Arendt's condition was diagnosed. (*Id.*, ¶ 44.) Counsel for Owens-Illinois only learned of Arendt I and the May 2006 report after an Internet search of Wisconsin court records which was itself prompted by a similar violation by CVLO in another case pending in the Western District of Wisconsin. (ECF No. 45 at 2 n.2.)

## ANALYSIS

Because Plaintiff failed to respond to Owens-Illinois' proposed findings of fact, they are deemed uncontroverted for purposes of summary judgment. *See* Civil L.R. 56(b)(4) (E.D. Wis. 2010); *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 992 (7th Cir. 2002); *Hedrich v. Bd. of Regents of the Univ. of Wisconsin Sys.*, 274 F.3d 1174, 1177–78 (7th Cir. 2001). Based upon those facts, I conclude that Owens-Illinois is entitled to summary judgment on grounds of both issue preclusion and the bar posed by Wisconsin's statute of limitations.

The preclusive effect of the Brown County dismissal is governed by Wisconsin law. *See Alan Block Corp. v. County Materials Corp.*, 512 F.3d 912, 915 (7th Cir. 2008). Issue preclusion prohibits re-litigation of issues that were actually contested in a previous action between the same or different parties and were decided by a valid final judgment. *Michelle T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 687 & n.7, 495 N.W.2d 327 (1993). Although courts generally do not give preclusive effect to issues not ultimately decided by the court because of settlement or dismissal, the

5

rule is flexible and "'even if [an issue] was not litigated, the party's reasons for not litigating in the prior action may be such that preclusion would be appropriate.'" *Heggy v. Grutzner*, 156 Wis.2d 186, 193, 456 N.W.2d 845, 849 (Ct. App. 1990) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 27 comment e, at 257 (1980)). Courts can consider a variety of factors relating to "fundamental fairness" in determining whether to apply the doctrine in a given case. *Sumpter*, 173 Wis. 2d at 687. Here I conclude that application of the doctrine of issue preclusion is appropriate.

Faced with a motion seeking summary judgment on the ground that his claim was time-barred after months of litigation and a motion for sanctions for bringing a time-barred action, Plaintiff moved for voluntary dismissal with prejudice, and expressly conceded that Arendt's action for damages for nonmalignant asbestos-related illnesses was barred. Plaintiff and CVLO then failed to disclose Arendt I in two later lawsuits in violation of the MDL administrative orders. Under these circumstances, the dismissal of Arendt I should be given preclusive effect on the issue of whether Plaintiff's action for non-malignant conditions caused by asbestos exposure is barred by the Wisconsin statute of limitations. It is undisputed that Mr. Arendt never suffered from a malignant asbestos-related disease or cancer. (ECF No. 50, ¶ 46.) It thus follows that this case is barred.

Of course, given the uncontested facts that Mr. Arendt's asbestos-related condition was diagnosed in May of 2006, and he never contracted mesothelioma, Wisconsin's three-year statute of limitations on Plaintiff's claim bars this suit notwithstanding issue preclusion. Accordingly, Owens-Illinois is entitled to summary judgment dismissing Plaintiff's claims with prejudice and costs.

All that remains is Owens-Illinois' request for actual costs and attorneys' fees. Under 28 U.S.C. § 1927:

6

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

A sanction under this provision is warranted when:

> an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice; pursued a claim that is "without a plausible legal or factual basis and lacking in justification[]"; or "pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound."

*Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (citations omitted).

Based on the facts recited above, it appears that CVLO may have engaged in such such behavior. Accordingly, CVLO is ordered to show cause within 10 days why they should not be required to pay Owens-Illinois' attorneys' fees. Also, as explained above, Owens-Illinois' motion for summary judgment is granted and the Clerk is directed to enter judgment dismissing Plaintiff's claims with prejudice and costs.

Dated this  29th  day of May, 2015.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court