IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

| | |
|---|---|
| GEORGIA ARENDT, Individually and as Special Administrator of the Estate of Anthony Arendt, Deceased,<br><br>    Plaintiff,<br><br>OWENS-ILLINOIS, INC.,<br><br>    Defendant. | :<br>:<br>:<br>: Case No. 13-727<br>:<br>: Hon. William C. Griesbach<br>:<br>:<br>: |

_____

**PLAINTIFF'S RESPONSE TO MAY 29, 2015 ORDER
TO SHOW CAUSE RE SANCTIONS**
_____

   Plaintiff Georgia Arendt and her counsel Cascino Vaughan Law Offices, Ltd. ("CVLO") hereby respond to this Court's May 29, 2015 order to show cause re sanctions, and state:

### I. Introduction.

   Counsel for Owens-Illinois, Inc. ("OI") has accused CVLO of intentionally concealing the existence of a lawsuit filed by Anthony Arendt against other defendants in the Wisconsin Circuit Court for Brown County on August 3, 2009, Civil Action No. 09-CV-2124 (*Arendt I*). This charge, a very serious one, is false. OI's counsel have represented that they first discovered the existence of *Arendt I* recently. But, the existence of *Arendt I* was never intentionally concealed, and it was known to OI years ago. Brian Watson, an OI attorney who authored some of the most strongly worded attacks on CVLO, introduced as exhibits at Mr. Arendt's deposition taken on March 12, 2012, over 3 years ago, bankruptcy claim forms, that read in part:

> Has an asbestos-related lawsuit ever been filed
> on behalf of the injured party? Yes _X_ No __
> ….
> Case number <u>09-CV-2124</u>
> Date the suit was originally filed <u>08/03/2009</u>

1

OI's counsel attached these bankruptcy claim forms as an exhibit to its reply brief filed in this case in the summary judgment proceedings before Judge Robreno, and this was done about 8 months ago, on September 22, 2014.[1]  The existence of *Arendt I* was known to OI.

OI has also advanced the charge that CVLO suppressed evidence by concealing medical records in this case.  This assertion, another very grave accusation, is also false.  The MDL No. 875 Court entered an Order Establishing a Records Collection Protocol on November 9, 2011, *see In re: Asbestos Products Liability Litigation,* Case No. 2:01-md-00875-ER, Doc. No. 8262, filed Nov. 9, 2011, and pursuant to this protocol it designated the firm of Forman Perry Watkins Krutz & Tardy (who like Schiff Hardin LLP also represents OI as counsel) as the firm required to secure such documents as medical records directly from the medical providers and then to supply them to CVLO and defense law firms.  Forman Perry produced to CVLO over 1,000 pages of medical records regarding Mr. Arendt from 2011 to 2014.  These records were at all times available to OI's counsel Schiff Hardin.  Furthermore, the specific medical records that OI has made the subject of its sanctions motion were repeatedly filed in *Arendt II* and *Arendt III*, and OI had merely to open its eyes to see them.  The bold charge that they were secreted is devoid of merit.

We respectfully maintain that a careful review of the pertinent litigation history demonstrates that there has not been conduct by CVLO that would warrant the conclusion that the firm engaged in "vexatious" or "unreasonable" behavior within the meaning of 28 U.S.C. § 1927, and accordingly we respectfully urge this Court to deny OI's demand for sanctions.

---

[1] Filed simultaneously herewith is the Affidavit of Michael P. Cascino in Response to May 29, 2015 Order to Show Cause re Sanctions (sometimes cited herein as "Cascino Aff.").  The filing of bankruptcy claims forms revealing the existence of *Arendt I* and the introduction by OI's counsel of those forms as exhibits at the deposition of Anthony Arendt are discussed in detail in the Cascino Aff. at ¶¶ 70-80.

In any case, and especially in a multi-year complex multidistrict litigation, it is possible for an attorney to overlook something and make an error. This does not, in itself, prove bad faith. The attorney may have simply made a mistake. OI's attorneys, in more than forty-five pages of briefing, have assailed CVLO with dozens of statements about the alleged purposeful concealment of *Arendt I* and the purported suppression of 2006 medical records, while suggesting an absence on the part of OI's attorneys of knowledge as to these matters until March of 2015. These statements were inaccurate.

However, we would not rush to attribute to OI's counsel ill motives in making these false assertions. We would assume, rather, that the inaccurate statements were inadvertently made, attributable to an absence of careful review of the file. They were a mistake. Nothing more. In two interrogatory answers and an AO 12 status report, CVLO failed to list *Arendt I*. As is explained in the accompanying affidavit of counsel, that was never done for the purpose of concealing the action or gaining some litigation advantage. It was an oversight, simply a mistake. It was not done in bad faith, and it is not conduct worthy of sanctions under 28 U.S.C. 1927.

## II. Facts.

Plaintiff has submitted to this Court contemporaneously the Affidavit of Michael P. Cascino in Response to May 29, 2015 Order to Show Cause re Sanctions ("Cascino Aff.").

Because the facts surrounding the matters placed at issue here are complex and span many years of litigation, a careful examination of each issue raised in the OI demand for sanctions is set forth in Mr. Cascino's affidavit. We will not reiterate here the detailed discussion of the pertinent facts set forth in counsel's affidavit testimony, but we do note that

3

there is nothing in the Local Rules of this Court that would justify treating the facts as having been already decided.[2]

### III.  Argument.

**A.  Nature of The Charges.**

The OI briefing and the June 1, 2015 order raise a number of specific issues as to which CVLO responds herein and in the accompanying Affidavit of Michael P. Casino.  They include:

- The alleged concealment of medical records (including a May 2006 medical report) containing the diagnosis of an asbestos-related lung condition.

- The purported admission to defendants other than OI in the context of correspondence among counsel, an interrogatory answer, and a responsive brief that the *Arendt I* case was allegedly time-barred.

- The alleged purposeful concealment by CVLO of the existence of the *Arendt I* lawsuit throughout the pendency of the *Arendt II* and *Arendt III* litigations.

- The alleged prejudice to OI in effectively defending against *Arendt II* and *Arendt III* on the basis of OI having not been informed of the medical history of Anthony Arendt or the state court action in *Arendt I*.

- The purported concession by CVLO that the *Arendt III* lawsuit was time-barred, which concession was allegedly made in the context of filing a motion to voluntarily dismiss the action.

- The general charge that CVLO may have purportedly behaved in an objectively unreasonable manner, engaged in a serious disregard for the orderly process of justice, pursued a course of conduct it knew to be unsound, and/or conducted itself in bad faith.

Each issue is discussed in detail in the Affidavit of Michael P. Cascino.  Below we set forth the essence of why each suggested impropriety is inaccurate.

---

[2] The provision in Civil L. R. 56(b)(4) which provides that a court will deem admitted statements of material fact that are uncontroverted, by the express terms of the rule, applies "solely for the purpose of deciding summary judgment."  The issue of sanctions is being litigated here, and principles of due process warrant that the party charged with wrongdoing have an opportunity to contest the charges made against it

4

**B. Alleged Concealment of Medical Records.**

When reduced to its essence, OI's argument comes down to two medical records from 2006. They are (1) Dr. Meyer's letter dictated on April 12, 2006 in which he said "pleural changes may be related to the patient's original coronary artery bypass grafting procedure that was performed in November 2001" while "speculat[ing] that he may have had some significant asbestos exposure that predisposed him to having pleural effusions develop after having had chest tubes in both pleural spaces following his coronary artery bypass procedure," Remke Decl., Exh. B, Case No. 1:13-cv-00727-WCG, Doc. No. 52-2 (page 24 of 35 [second paragraph]), and (2) the office visit note of Dr. Potts bearing the date May 9, 2006 that states he had "the opportunity to go over Dr. Meyer's report" with Mr. Arendt. Remke Decl., Exh. B, Case No. 1:13-cv-00727-WCG, Doc. No. 52-2 (page 29 of 35). *See* Cascino Aff. at ¶¶ 40-42, 44, 82.

These two documents were known to OI. They were not concealed or somehow suppressed. In fact, they were repeatedly filed with the MDL No. 875 Court, and in the Third Circuit in connection with the appellate litigation of *Arendt II*. *See* Cascino Aff. at 83-84. They were also filed with the IKON depository. *See* Affidavit of Tracy A. Speer in Response to May 29, 2015 Order to Show Cause re Sanctions ("Speer Aff."), at Exh. 2.

The procedures whereby medical records were produced in MDL No. 875 cases is discussed in detail in the Cascino Aff. at ¶¶ 12-33 and the Speer Aff. at ¶¶ 3-13. More than one thousand medical records for Mr. Arendt were produced in MDL No. 875. OI had access to all of the documents. Cascino Aff. at ¶ 33. Never did CVLO seek to conceal medical records. Cascino Aff. at ¶ 11. Given that the MDL No. 875 protocol for the collection of documents required Forman Perry, a firm that acts as counsel to Owens-Illinois, to secure the records from

5

providers, the allegation of that CVLO hid medical records is farfetched and lacking in any credibility.

**C.     Purported Admission That *Arendt I* Was Time-Barred.**

OI has not accurately characterized what took place at the time *Arendt I* was dismissed. *See* Cascino Aff. at ¶¶ 58-64.  CVLO did not concede that the action was untimely.  *Id.* at ¶ 61. It was not.  *Id.* at ¶ 56.

**D.     Alleged Concealment Of *Arendt I*.**

OI contends that because CVLO was allegedly purposefully concealing the existence of *Arendt I*, there was no way for OI to know of the existence of that case until March of this year. *See* Owens-Illinois, Inc.'s Memorandum in Support of Its Motion to Amend Scheduling Order, Case No. 1:13-cv-00727-WCG, filed April 10, 2015, Doc. No. 45, at 1 ("Before last month [March of 2015], … plaintiff and her counsel had concealed their first lawsuit from Owens-Illinois and the MDL 875 Court…."); 2 & n.2 ("Owens-Illinois' counsel only recently learned of the *Arendt I* lawsuit, which plaintiff and her counsel did not disclose and represented did not exist."); Owens-Illinois, Inc.'s Statement of Proposed Material Facts, Case No. 1:13-cv-00727-WCG, filed May 1, 2015, Doc. No. 50, at 9 ("Anthony Arendt, Georgia Arendt and CVLO never disclosed *Arendt I* to Owens-Illinois.").

The charge of concealment is false.  CVLO should have listed *Arendt I* but the failure to do so was due to an oversight, and it was not the result of a desire to conceal.  Cascino Aff. at ¶¶ 67-69.  The fact of the existence of *Arendt I* was something that was shown in the case file.  For example, when OI's counsel Brian Watson deposed Mr. Arendt in *Arendt II* he showed the witness a number of bankruptcy claim forms that revealed the existence of *Arendt I* and gave its

civil action number and date of filing. That an earlier suit had been filed was not a secret until March of this year. It was known years ago. Cascino Aff. at ¶¶ 70-80.

**E.      Alleged Prejudice to OI.**

OI's contention of the prejudicial impact of allegedly not knowing about *Arendt I* focuses on an unpersuasive characterization of the medical records of this claimant during the 2006 to 2009 period. The medical notes and reports of Dr. Richard Potts, Dr. Keith Meyer, Dr. Craig Daniels, and Dr. Thomas Cain are discussed at length in Paragraphs 40-56 of the Affidavit of Michael P. Cascino, and as that discussion shows, a careful examination of the record reveals that OI was in no way prejudiced. The truth is OI had all of the medical records, and its insistence that two of them from April and May of 2006 should be interpreted to make Mr. Arendt's claims untimely is wrong. *See*, *e.g.*, Cascino Aff. at ¶ 56.

**F.      Alleged Admission That *Arendt III* Is Time-Barred.**

Both the detailed reasoning of Judge Robreno in analyzing the very issues that OI is attempting to raise again, and the evidence supplied by Dr. Henry A. Anderson, demonstrate that the wrongful death claim is timely. Cascino Aff. at ¶¶ 86-91. This Court wrote in its Order entered on May 29, 2015, that Plaintiff "expressly conceded that Arendt's action for damages for nonmalignant asbestos-related illnesses was barred." *Arendt v. Owens-Illinois, Inc.*, No. 13-C-727, 2015 U.S. Dist. LEXIS 70463, at *9 (E.D. Wis. June 1, 2015). We respectfully disagree with the Court's conclusion. There was no language in the voluntary dismissal motion that stated Plaintiff or CVLO were conceding that the lawsuit was time-barred. *See* Case No. 1:13-cv-00727-WCG, Doc. No. 54, filed May 22, 2015 (page 1 of 1). CVLO respectfully submits that this case is not time-barred, and further maintains that the dismissal of *Arendt I* should not be deemed to collaterally estop the suit being advanced in *Arendt III* under Wisconsin's issue

7

preclusion doctrine, given a full consideration of all of the facts and circumstances of this case, which are made the subject of close examination in the Affidavit of Michael P. Cascino at ¶¶ 1-91.

**G.     General Charges.**

The case authority relied upon by OI in bringing its motion, *Dotson v. Bravo*, 321 F.3d 663 (7th Cir. 2003),[3] does not support the entry of sanctions here. The omission to answer an interrogatory question or fill out a status report with information that is correct is regrettable, and CVLO regrets the mistake in failing to disclose *Arendt I*, but this was simply a mistake. It was not part of a pattern of conduct aimed at gaining a litigation advantage or subverting a litigation opponent's right to a fair contest. As is demonstrated in the accompanying affidavit of counsel, it in no way rises to that level of bad faith conduct that warrants the imposition of sanctions.

**IV.  Conclusion.**

We respectfully urge the Court not to assume that the fact that CVLO elected to move for voluntary dismissal somehow shows its culpability for improper litigation conduct. Experienced counsel who handle asbestos claims continually evaluate the claims with respect to a wide array of factors, including such matters as the strength of exposure evidence, potential challenges at trial involving complex issues of medical causation, and other issues. This decision-making that

---

[3] *Dotson*, as the court explained at 321 F.3d 868: involved:

> 1) filing a federal civil rights claim under a false name; 2) serving unverified answers to interrogatories propounded by the City containing lies about his true identity, date of birth, and complete arrest record; 3) serving verified responses to the same interrogatories (following the issuance of a court order compelling such disclosure) that still did not disclose his correct birth date or arrest record; 4) lying under oath about his true name and birth date in a deposition in Tamika Smith's federal civil rights case; 5) lying about his true name to police when arrested on January 1, 1998, to avoid outstanding arrest warrants; and 6) continuing to conceal his true identity from state officials throughout the multi-year duration of his three state criminal trials and incarceration.

8

focuses on the value of the case at trial, weighed against the costs of proceeding to final judgment, take place at every juncture of a case. That is what has occurred in this proceeding.

In this case, which involved a 30-year smoking history and other factors, CVLO made the decision to dismiss the action, rather than to proceed to trial. The decision was not made because the case so lacked merit that it could be deemed frivolous. The case is not properly viewed in that manner.

We maintain that CVLO conducted itself properly during this litigation. It did not seek to vexatiously multiply these proceedings; it sought to file claims to protect the interests of its clients, acting with due regard for the law and the facts. And, at no time, in conducting this litigation, did CVLO purposefully attempt to conceal anything from the counsel to OI or to interfere with defendant's ability to litigate the action. The motion for sanctions should be denied.

Dated: June 8, 2015

/S/   Michael P. Cascino
Attorney for Plaintiff

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com