# EXHIBIT 7

OMS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| This Scheduling Order Relates to: | : | E.D. Pa. Nos. |
| | : | |
| Hynek v. A.W. Chesterton Co., et al. | : | 13-60016 |
| Arendt v. A.W. Chesterton Co., et al. | : | 13-60017 - File |
| Helms v. A.W. Chesterton Co., et al. | : | 13-60018 |
| Heckel v. A.W. Chesterton Co., et al. | : | 13-60019 |

FILED
OCT 2 [?] 2013
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

### SCHEDULING ORDER

**AND NOW**, this 28th day of October, 2013, pursuant to Judge Robreno's order referring these cases to us, it is hereby **ORDERED** that the following discovery and pretrial management deadlines shall apply:

1. The Standard Interrogatories to Plaintiffs adopted by the court on October 5, 2010[1] and Plaintiffs' interrogatories and requests for production are deemed served as of this date and shall be responded to by plaintiffs and defendants as provided for in the Federal Rules of Civil Procedure.[2] All parties are allowed to propound non-cumulative case specific interrogatories and requests for production of documents. The exposure information will be disclosed in the format from Judge Robreno's September 17, 2013 Order. All exposure witnesses will be disclosed no later than 30 days before the close of fact discovery.

2. Plaintiffs' counsel has provided to defense counsel signed copies of the Authorization Form for Use and Disclosure of Protected Health Information (Medical Records) Pursuant to HIPAA[3] by **October 15, 2013**.

3. All Fed. R. Civ. P. 26(a)(1) initial disclosures must be served by **December 13, 2013**.

4. The deadline for amendments to the pleadings and the joinder of parties pursuant to FRCP 16(b)(3)(A) is **November 27, 2013**. Any requested later amendments shall be governed by Rule 15 of the Federal Rules of Civil Procedure.

---

[1] www.paed.uscourts.gov/documents/MDL/MDL875/CV 1.pdf and CV 2.pdf
[2] The plaintiffs are filing the standard premises interrogatories and document requests and standard product liability interrogatories and document requests for use in any future cases.
[3] 01-MD-875 Docs. 8058 and 8074

1

5.   While procuring documents pursuant to the authorization, the parties are bound by the Records Collection Protocol[4] adopted by the court on November 9, 2011.

6.   The parties may not take depositions of the plaintiffs without good cause unless and until signed standard interrogatory responses have been served to Defendants.

7.   The parties may proceed with non-party discovery and depositions of co-workers disclosed after the plaintiffs' counsel have provided adequate information in writing to all defendants in the format adopted in Judge Robreno's September 17, 2013 Order regarding where and when the co-worker worked with the plaintiff consistent with the requirements of the deposition protocol and the specific defendants and products about which the co-worker is expected to testify.

8.   Unless otherwise agreed to by the parties, the following deadlines control the deposition of designated company representatives. If plaintiffs issue a notice for deposition of a designated company representative, defendants will make objections to requested documents or subject matters within 15 days and tender any requested non-objectional documents within 30 days of the date the notice was issued. Plaintiff may choose to proceed with the deposition without resolving the objections but the witness need not be presented again for testimony in this matter on the objectionable items. If plaintiff chooses to proceed without resolving the objections, defendant will make the company representative available for deposition on a date within 30 days of the production of the documents. If plaintiff chooses to pursue the resolution of any objections, the date for the deposition will be within 30 days of the resolution of the objections.

9.   All fact discovery, including all fact witness depositions, shall be completed by **April 14, 2014**, except for testimony of family members, and treating physicians/medical providers. All depositions shall be governed by the Amended Protocol for Plaintiff and Co-Worker Depositions to Be Taken in Cascino Vaughan Law Office MDL 875 Cases Assigned to Magistrate Judge David R. Strawbridge (as amended April 2, 2012).[5]

10.   The collection of any pertinent bankruptcy records shall be governed by the Authorization for Release of Bankruptcy Records adopted by the court on December 14, 2011.[6]

11. Before attempting to file a motion related to a discovery dispute, the parties shall confer in good faith and attempt to resolve the issue. Failing that, the parties may contact Joel Lang (joel_lang@paed.uscourts.gov) or my chambers to schedule a conference call regarding the issue. The parties are precluded from filing motions regarding such disputes without leave of court. Any motion that is filed must specifically reference that efforts to confer and resolve the issue occurred between the parties.

---

4 01-MD-875 Doc. No. 8262
5 See 08-90330 Doc. No. 87, Exh. A
6 01-MD-875 Doc. No. 8318

12. Plaintiffs' expert reports must be served by **May 14, 2014**.[7]

13. Defendants' expert reports must be served by **June 13, 2014**.[8]

14. Rebuttal expert reports must be served by **June 27, 2014**.

15. All expert discovery must be completed by **July 11, 2014.**

16. Any dispositive motions must be filed by **August 11, 2014**.

17. Responses to any dispositive motions must be filed by **September 9, 2014**.

18. Replies to any dispositive motions must be filed by **September 23, 2014**.

19. If plaintiff believes a sur-reply is needed, he or she may file a motion for leave to file one, attaching the sur-reply as an exhibit, by **October 7, 2014**.

20. Discovery must be propounded and answered in accordance with the Federal Rules of Civil Procedure, unless otherwise governed by a discovery protocol adopted by this Court.

21. We are available to conduct settlement conferences at any time, subject to reasonable notice, upon agreement of all applicable parties. For any settlement conference, we will expect the parties to have a client representative available with full settlement authority. Positions are confidential and non-binding.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

ENTERED
OCT 28 2013
CLERK OF COURT

---

[7] Expert reports relating to the reasonableness of costs of care, customary care, and economic loss need not be submitted by these deadlines. Plaintiffs and Defendants agree to address these issues after remand either by stipulation or by a mutually agreeable schedule for tendering of expert reports on these issues.
[8] See footnote 7.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: ASBESTOS PRODUCTS | : | |
| LIABILITY LITIGATION (No. VI) | : | Civil Action No.: MDL 875 |
| | : | |
| This Document Relates to the Cases Listed | : | |
| on the Attached Case List | : | |

ORDER ESTABLISHING A RECORDS COLLECTION PROTOCOL

**AND NOW**, this the 9th day of November, 2011, after conferring with the parties as to the protocol for records collection as it relates to cases which have been placed on a scheduling order, we have determined that in furtherance of the efficiency and economy of this litigation it is in the interest of all parties to proceed with records collection as outlined on the Records Collection Protocol which is attached hereto as Exhibit A.   It is hereby **ORDERED** that as to all CVLO cases which have been set on a scheduling order by Magistrate Judge David R. Strawbridge, all parties shall comply with the attached Records Collection Protocol.

BY THE COURT:

  S/  David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

**RECORDS COLLECTION PROTOCOL**

1. ***The basis for this Protocol.*** As of the date of the Court's entry of this protocol, there are approximately six hundred and fifty (650) cases in the MDL-875 actions filed by Cascino Vaughan Law Offices, Ltd. ("CVLO") that are subject to scheduling orders.[1] Pursuant to this Court's Order of August 23, 2011, medical and all other records in those cases are to be acquired through the use of a three-page omnibus authorization. Time is of the essence in collecting these records.

2. ***Parties Affected By This Protocol.*** This Protocol binds all plaintiffs and defendants in the MDL-875 actions in which CVLO is plaintiff's counsel. All CVLO plaintiffs currently subject to scheduling orders shall be bound to the terms of this records collection protocol. Furthermore, as new scheduling orders are entered and additional CVLO plaintiffs are named, CVLO shall, from the date of the entry of that scheduling order, be bound to the terms of this records collection protocol. The firm of Forman Perry Watkins Krutz & Tardy, LLP ("Forman Perry"), who represents certain defendants in the CVLO MDL-875 actions, has entered into a joint defense agreement with a number of the defendants to collect medical and other records in those cases where scheduling orders are entered. In order to expedite this process, this signed protocol shall apply to **all** defendants, including those who have opted out of participating in the Forman Perry Joint Medical Records Defense Group.

Forman Perry will advise CLVO as to the names of the defendants who are part of the Forman Perry Joint Medical Records Defense Group.

3. ***Definitions.*** This protocol shall employ the following definitions:
    a.    "Medical records" refers to:
        (i)    All records, reports, bills, test results, or other documents concerning the medical care, treatment, and examination of a patient;
        (ii)    All pathology, that is not necessary for care and treatment, original tissue blocks, original tissue slides, wet tissue, records, self histories, histochemical, and immunochemical reports, autopsy reports including but not limited to hand-written notes and/or drawings associated with the autopsy, test results, other documents, or electronic information concerning the medical care, treatment, and examination of the patient, including photomicrographs, millipore filters, written tissue digestion protocol, or other material related in any way to any lung tissue

---

[1] These scheduling orders are entered in what have been commonly referred to in pleadings and other documents as the Top Ten Cases (June 9, 2011), the combined CVLO-1&2 Cases (September 26, 2011), the CVLO-3 Cases (September 28, 2011), the CVLO-4 cases (October 26, 2011), and the 230 cases listed on the September 27, 2011 Case Management and Scheduling Order Pertaining to Drs. Schonfeld, Anderson and Sadek.

        asbestos fiber burden analysis or ferrunginous body study performed on the tissues of the patient;
     (iii) Copies of bills or statements of services rendered for such service;
     (iv) X-ray films, MRI films, CT films, and all other imaging films involving the patient.
  b. "Social Security Administration records" refers to any information regarding the person's Social Security records, including but not limited to the information requested on Federal Form SSA-7050-F4 ("Request for Social Security Earnings Information")
  c. "Military records" refers to any and all information regarding the person's US Military records, including but not limited to the information requested on Federal Form SF180 ("Request Pertaining to Military Records")
  d. "Union records" refers to union information and records including but not limited to:
     (i) Application for membership;
     (ii) Yearly income including number of hours/days worked per year;
     (iii) Names and addresses of any and all employers, locations of work sites including any job and/or work logs;
     (iv) Any pension related information including documents showing pension contributions by employers;
     (v) Records of any grievances filed or claims made for work-related injuries;
     (vi) Records of all claims for health, accident, pension or disability benefits;
     (vii) All records pertaining to any claim for injuries allegedly during the course of his/her employment;
     (viii) All medical reports and records, infirmary records, return to work slips, medical excuses, and accident reports; and

  e. "Authorizations" refers to Exhibit A to the Pretrial Order of August 23, 2011 (MDL-875 Doc. 8058).

**4. Scope of Protocol.** The protocol shall be in place for all records collection from this date forward. Defendants shall not be charged with collection of additional records, which may be outlined in the definitions section, which were not previously requested from a provider.

**5. Records to be Requested.** CVLO has provided or will provide via interrogatory answers a list of each plaintiff currently on a scheduling order and identify the plaintiffs' known employers, union membership and military service, including the time period, by year, for each.

**6. Requests For Records.** As soon as possible but no later than twenty-one (21) days of the date of any scheduling order entered, defendants may begin requesting medical, Social Security Administration, military, and union records for all plaintiffs for which an authorization and Plaintiff's Answer to Standard Interrogatories is tendered by CVLO. Any defendant who has chosen not to be included in the Joint Medical Records Defense Group represented by Forman Perry shall first make any request for plaintiff records to Forman Perry to alleviate multiple

requests to providers.  If Forman Perry has not or will not seek those records, the defendant may then proceed with the collection of the records directly from the provider, once it notifies CVLO of this intent.  If Forman Perry has already or intends to request the records, the defendant will receive those records directly from Forman Perry with no additional request sent to the provider. ==The defendant seeking the records will be responsible to pay Forman Perry the reasonable costs for providing those records, including, but not limited to the provider costs previously assessed to the collecting defendants prior to receipt.==  In the event any records provided to Forman Perry cannot be duplicated due to formatting, specifically duplication of radiology CD's which are often not reproduceable, the defendant may seek those records directly from the provider, once it notifies CVLO of this intent. If an entity does not respond to defendant's request for records within 5 days, defendants shall attempt to call the entity to follow-up. Medical records will be requested from all medical entities named on Plaintiff's Answer to Standard Interrogatories and any other entities defendants believe may possess medical records for each plaintiff.

If Forman Perry requests records from a "secondary source" (i.e. a provider not listed in CVLO discovery answers and/or whose identity is learned from receipt of provider records), Forman Perry shall immediately notify CVLO in writing of the identity of the provider and date those records were ordered.  All records shall be timely produced without reservation.

7. ***Transmittal of Records***. Defendants will provide CVLO with portable document format ("PDF") files of all documents it receives in response to requests for medical, Social Security Administration, military and union records.  These documents will be OCRed (optical character recognition), burned to CD and sent to CVLO within 5 days of receipt by the defendant. CDs will be sent via FedEx standard overnight delivery using the FedEx account number provided by CVLO to:

> Robert Niewiarowski
> Docket Manager
> Cascino Vaughan Law Offices
> 220 South Ashland Avenue
> Chicago, Illinois 60607

Plaintiffs shall be responsible for immediate payment of costs incurred for compilation of the CDs which are provided.

8. ***Pathology, X-rays, and all other original health records material.*** Defendant shall notify CVLO within 7 days of receiving any pathology materials and/or imaging films.  Forman Perry will notify all relevant defendants, via the court's electronic service list for defense counsel, of the receipt of all pathology and original x-ray films on a weekly basis.  CVLO has the right to request any pathology materials and/or imaging films obtained by defendant.  Defendants will provide these materials via FedEx standard overnight delivery within 7 days of request to CVLO using the FedEx account number provided by CVLO. CVLO will return all pathology materials and imaging films provided by defendant within 60 days of receipt or no later than 60 days prior to the deadline for defendants to provide expert reports, whichever shall occur first.  The date may be extended by the Court.

Likewise, CVLO will notify all relevant defendants within 7 days of receiving any pathology materials and/or imaging films. After sixty (60) days, in which CVLO may send the pathology and/or imaging films received to an expert for consultation, Forman Perry has the right to request any pathology materials and/or imaging films obtained by CVLO. CVLO will provide these materials via FedEx standard overnight delivery within 7 days of request. The tracking number of the FedEx package will be provided to Forman Perry the same day the package is sent. Forman Perry will return all pathology materials and imaging films provided by CVLO within 60 days of receipt, or no later than 60 days prior to the deadline for CVLO to provide expert reports, whichever shall occur first.

In the event that pathology and/or imaging films are received by either CVLO or defendant less than 120 days prior to the deadline for filing defendant expert reports, Forman Perry and/or CVLO's return of such materials will be shortened by agreement of the parties such that both sides have time to have the material reviewed.

**9. Non-compliance of providers.** The Court's August 23, 2011 Order expressly dictates that all entities served with the approved authorization shall accept that authorization as valid and comply with all of its terms. Should any providers fail to comply with the terms of the authorization, the party seeking those records may notify the Court and file any and all appropriate motions with the Court. The Court will address any alleged non-compliance on the part of a provider in an expedited process.

**10. Reports and Attorney Communication.** Once weekly Forman Perry will provide CVLO and the Court an e-mail report in the form previously provided or in a form subsequently agreed on by the parties.

Michael Cascino and Mary Margaret Gay of Forman Perry are designated as the contact attorneys regarding all records acquisitions issues. Mary Margaret Gay will confer with Michael Cascino weekly at a time agreed to by the parties to confirm receipt of reports and discuss any issues that have arisen during the preceding week. Mary Margaret Gay and Michael Cascino will work together to resolve any problems arising from this protocol.

Nothing in this protocol shall be construed to affect the current scheduling order deadlines in place for any cases currently on scheduling orders. Any need for extensions of such deadlines will be considered based on the circumstances of the particular case.