IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Georgia Arendt, Individually and as
Special Administrator of the Estate of
Anthony Arendt, Deceased,

              Plaintiff,

v.                                    Case No. 1:13-cv-727-WCG

Owens-Illinois, Inc.,

              Defendant.

**OWENS-ILLINOIS, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Owens-Illinois, Inc. ("Owens-Illinois") submits this reply to Plaintiff's response (ECF No. 58) to the order to show cause why Cascino Vaughn Law Offices Ltd. (CVLO) should not be required to pay Owens-Illinois' attorneys' fees (ECF No. 56).

## ARGUMENT

CVLO's response does not address the question presented: did CVLO multiply these proceedings unreasonably and vexatiously, in an objective sense, by refiling a claim that was dismissed with prejudice and accrued seven years before refiling? The answer plainly is, "Yes." *Hess v. Reg-Ellen Mach. Tool Corp.*, 367 Fed. App'x 687, 691 (7th Cir. 2010) ("Attorneys are under a continuing duty to dismiss a claim that is no longer viable"; sanctions for refiling a precluded claim); *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 735 (7th Cir. 1988) (sanctions for filing time-barred claim).[1]

---

[1] *See also Copeland v. Tom's Foods. Inc.*, 456 Fed. App'x 592, 595 (7th Cir. 2012) (sanctions for refiling a precluded claim); *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 859 (7th Cir. 2001) (same); *Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777, 782 (7th Cir. 1986) (same); *Dohm v. Gilday*, No. 02 C 9056, 2004 WL 1474581,

Rather than respond to the question, CVLO's response blames Owens-Illinois for not finding the state court lawsuit earlier. Pl.'s 1-3. CVLO faults Owens-Illinois for relying on their discovery responses that no state court lawsuit existed (ECF Nos. 52-14, 52-15); their report to the Court that no state court lawsuit existed (ECF Nos. 52-12, 52-13, 52-17); and their own representations in filing and continuing to litigate this time-barred, issued-precluded lawsuit. The Seventh Circuit has made clear that "[c]ounsel may not drop papers into the hopper and insist that the court or opposing counsel undertake bothersome factual and legal investigation." *Burda v. M. Ecker Co.*, 2 F.3d 769, 775 (7th Cir. 1993) (citations omitted).

Here, among the more than 1,000 pages produced, several asbestos bankruptcy claim forms provide a case number and a filing date. Pl.'s Resp. 1-2. Owens-Illinois asked Mr. Arendt during the deposition about "his" bankruptcy claim forms, which CVLO had been compelled to produce and Mr. Arendt apparently verified under oath. *E.g.*, Claim Form at 38, ECF No. 59-6. But Owens-Illinois did not notice (or ask) about the case number and filing date because of Mr. Arendt's testimony about the forms. *E.g.*, Anthony Arendt Dep. 451:7-10, Mar. 12, 2012, ECF No 59-5 ("Q. Do you recognize this document or do you have an independent recollection of seeing this document before? A. Nope."); *id.* at 431:21-23 ("Q. Do you recognize the handwriting that appears on Exhibit No. 9? A No. This is not my handwriting . . . ."); *id.* at 445:18-21 ("Q. Mr. Arendt, do you have a recollection of telling anyone that you worked at Green Bay Paper and Fibre Company? A. No."); *id.* at 435:9-12 ("Q. Mr. Arendt, do you recognize

---

at *1 (N.D. Ill. June 29, 2004) (same); *Aspacher v. Rosenthal Collins Grp.*, No. 00 C 7520, 2001 WL 930785, at *3-7 (N.D. Ill. Aug. 15, 2001); *Matrix IV, Inc. v. Williams*, No. No. 02 C 5609, 2012 WL 1866605, at *1-3 (N.D. Ill. May 18, 2012); *Demes v. ABN Amro Servs. Co., Inc.*, No. 01 C 0967, 2002 WL 737280, at *1 (N.D. Ill. Apr. 25, 2002) (same).

your handwriting as what's written as 'worked' -- A. 'Worked under and used overhead crane,' that's not my handwriting.").

More relevant here, "[c]ounsel who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under the Rule [11]." *Burda*, 2 F.3d at 775 (citations omitted). As with Rule 11, Section 1927 also requires attorneys to dismiss claims that are no longer viable. *Id.*; *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006). Under the objective standard of Section 1927, CVLO should have dismissed this claim — which was previously dismissed with prejudice and had accrued seven years before refiling. Instead, CVLO continued to pursue this claim "'without a plausible legal or factual basis and lacking in justification[],'" and continued to "'pursue[] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.'" *Arendt v. Owens-Illinois, Inc.,* No. 13-C-727, 2015 WL 3452549, at *4 (E.D. Wis. June 1, 2015) (*quoting Jolly Grp.*, 435 F.3d at 720).

## CONCLUSION

For these reasons, Owens-Illinois requests that the Court award costs, expenses, and attorneys' fees and any further relief as this Court deems just and proper.

Dated: June 23, 2015          Respectfully submitted,

By:/s/ Brian O. Watson
    Edward Casmere
    Brian O. Watson
    Schiff Hardin LLP
    233 S. Wacker Dr. Suite 6600
    Chicago, Illinois  60606
    (312) 258-5500
    (312) 258-5600 (fax)
    *Attorneys for Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies on June 23, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Eastern District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-1253
CH2\16797151.1